THE BEREDA MANUFACTURING COMPANY, Plaintiff in Error, *vs.* THE INDUSTRIAL BOARD OF ILLINOIS *et al.* Defendants in Error.

*Opinion filed October 24, 1916—Rehearing denied Dec. 12, 1916.*

1. WORKMEN'S COMPENSATION—*under the act of 1913 notice must be given parties of hearing on review by Industrial Board.* The Workmen's Compensation act of 1913 does not specifically state that notice must be given the parties of the hearing on review by the Industrial Board of the arbitration committee's award, but that such was the intent and purpose of the act is plain from the language of the statute.

2. SAME—*Industrial Board cannot investigate facts disputed on review without additional notice.* Where the evidence is so conflicting on the review of the arbitration committee's award that the Industrial Board cannot decide the controversy without additional information, the board cannot appoint a special investigator to investigate and take evidence without giving notice of such appointment and affording the parties an opportunity to cross-examine witnesses and to present such evidence as they may desire.

3. SAME—*when Industrial Board exceeds its powers.* The Industrial Board acts beyond its powers and contrary to law when it makes an award upon the report of a special investigator, based upon statements of parties procured by him without notice to the defendant.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. OSCAR M. TORRISON, Judge, presiding.

THOMAS C. ANGERSTEIN, (DAVID A. OREBAUGH, of counsel,) for plaintiff in error.

SABATH, STAFFORD & SABATH, (CHARLES B. STAFFORD, of counsel,) for defendants in error.

Mr. JUSTICE FARMER delivered the opinion of the court:

Fred Moeller, now deceased, filed December 19, 1913, his application with the defendant in error the Industrial Board for adjustment of his claim against plaintiff in error, the Bereda Manufacturing Company. The application

averred that while Moeller was in the employ of plaintiff in error, August 26, 1913, his right eye was injured, practically destroying the sight thereof, and averred that at the time of the injury the parties were subject to the provisions of the Workmen's Compensation act of 1913, in force July 1, 1913. A hearing was had May 4, 1914, before a committee of arbitration, and $9 a week for fifty-six weeks, beginning September 4, 1913, was awarded Moeller. A review of the award made by the committee of arbitration was had before the Industrial Board. That board found the parties were under the terms and provisions of the Workmen's Compensation act; that Fred Moeller had been receiving $15 per week; that the accident arose out of and in the course of the employment and resulted in the total loss of the sight of one of Moeller's eyes. It was ordered and adjudged that the Bereda Manufacturing Company, the plaintiff in error, pay the administrator of the estate of Fred Moeller $7.50 per week for a period of one hundred weeks. Plaintiff in error sued out a writ of *certiorari* from the circuit court of Cook county to review and set aside the decision and award of the Industrial Board upon the same grounds alleged in the assignment of error in this court. The circuit court, on a hearing, quashed the writ of *certiorari,* dismissed the proceeding, and the presiding judge certified that in his opinion the case was one proper to be reviewed by this court, and this writ of error was sued out accordingly.

It does not appear that there was any statement of facts agreed to at the hearing before the committee of arbitration or the Industrial Board, but the testimony of witnesses called by the respective parties was heard by the committee of arbitration. None of the testimony is abstracted. No question is raised as to the case being one within the jurisdiction of the board, but the grounds urged for reversal are, that the Industrial Board, contrary to law, took testimony of witnesses without notice to plaintiff in error and without

it being afforded an opportunity for cross-examination of the witnesses; that said board based its decision and award upon the unsworn statements of said witnesses and the unverified report of a special agent appointed by the board to procure the statements of said witnesses.) Defendants in error contend that the record presents no question for review; that the evidence, which is not abstracted, sustained the finding and award; that the only dispute between the parties was one of fact and no question of law is presented for our consideration.

In its finding and award the Industrial Board recited that the case presented no question except the weight of the testimony; that the claimant testified to the injury and the manner in which it occurred; that "a number of physicians testified *pro* and *con* concerning the injury and how it occurred, from symptoms appearing upon examination made," and a number of witnesses acquainted with the claimant testified that prior to the date of the alleged accident they had not noticed any defect in his eye, while "a considerable number of comparatively disinterested witnesses, neighbors, testified to admissions concerning the claimant's eye tending to show that what injury or defect there was had existed prior to August 26, 1913," the date of the alleged accident. The Industrial Board further recited in its decision and award: "Because of the serious discrepancies in the evidence and the great difficulty in determining where the preponderance lies upon the material questions in the case, this board, upon its own motion, designated Joseph J. Healy as special agent to make an examination into all the various phases of this case, from any and all sources of evidence obtainable. On August 3, 1913, the special agent herein reported in writing to this board the substance of the statements and testimony taken by him of six apparently credible and disinterested witnesses, who, in substance, state that the injury here complained of was the result of the accident that occurred during the time the

claimant was in the employ of the respondent. The board is of the opinion, after carefully considering the report of the special agent, that the injury to the claimant's eye was the result of the accident that occurred at the time when he was driving, or attempting to drive, a chisel between the two-by-fours, as claimed by him.")

So far as appears from the record, the controversy on the hearing before the committee of arbitration and on review before the Industrial Board was whether the claimant was injured while engaged in his employment, August 26, 1913. It appears from the recitals in the finding and award of the Industrial Board that evidence was offered on his behalf at a hearing of both parties to establish that he was so injured in one of his eyes on said day, while evidence was offered on behalf of plaintiff in error to show the injury to claimant's eye existed before the date of the alleged accident, but that said board was unable, from the testimony offered by the respective parties at said hearings, to determine or decide the controverted question.

The Workmen's Compensation act of 1913 did not specifically state that notice should be given the parties of the hearing on review, but that such was the intent and purpose of the act is plain from the language of the statute. By paragraph (e) of section 19 of the 1913 act it was provided that if a petition for review of the award of a committee of arbitration and an agreed statement of facts or stenographic report were filed, as provided by the act, the Industrial Board should promptly review the decision of the committee of arbitration and the facts as they appear from said statement of facts or stenographic report, "and shall also, if desired, hear the parties, together with such additional evidence as they may wish to submit. After such hearing on review, the board shall announce and file in its office its decision" and immediately send each party a copy thereof. Paragraph (f) provided that the decision of the Industrial Board, "acting within its powers," shall, in the

absence of fraud, be conclusive. The statute did not restrict the review of the decision of the committee of arbitration by the Industrial Board to a consideration of the agreed statement of facts or stenographic report of the hearing before the committee, but required the board to hear the parties, if desired, and to hear such additional evidence as they might wish to submit. How could the board hear the parties unless a time and place for the hearing were fixed and reasonable notice given them? Unless notified of a time and place of hearing the parties could not exercise the right given them by the statute to produce additional evidence. It is plain the parties could not exercise their right to be heard on the review and to introduce additional or further evidence unless they were given reasonable notice of the time and place of the hearing and afforded an opportunity to be present, and, if desired, to produce further evidence. It appears from this record the parties had notice of the hearing on review, appeared before the board and each party offered additional evidence to that contained in the stenographic report of the hearing before the committee of arbitration, but it also appears from the recitals in the decision and award that said decision was not made or based upon the stenographic report and the additional evidence heard by the board. It is stated in the decision, in substance, that no question was presented except the weight of the testimony, and that the evidence was so conflicting and unsatisfactory that the board was unable to determine its weight and preponderance. In other words, it was, in the judgment of the board, evenly balanced and left the mind in the same condition it was in before hearing any testimony whatever. Having no convictions, from the proof presented at the hearing, how the disputed question of fact should be determined, the board found itself unable to make any decision and appointed a special investigator "to make an examination into all the various phases of this case, from any and all sources of evidence obtain-

able." The investigator took the statements of six witnesses and reported the same to the Industrial Board, which board was "of the opinion, after carefully considering the report of the special agent, that the injury to the claimant's eye was the result of the accident" at the time and in the manner alleged and decided the claimant was entitled to compensation under the law, and made the award accordingly. No notice was given to plaintiff in error of the appointment of said special agent and his instructions to take the statements of witnesses upon the disputed fact, and no opportunity was afforded it to be present at the taking of such statements for the purpose of cross-examining the parties whose statements were taken or to offer additional evidence in its behalf. Said statements are set out in the abstract and it does not appear that they were made under oath. Plaintiff in error asserts they were not, and this is not denied by defendants in error. There is no warrant in the statute for the adoption of any such method in the decision of a controversy about disputed questions of fact. The statute clearly contemplates and requires that when the merits of the case require a decision upon a question of disputed fact, both parties shall have an opportunity not only to present such evidence as they may desire, but also to be present at the taking and hearing of the evidence by the opposite party, so that each may have opportunity for the cross-examination of the other's witnesses. In this case the decision and award by the Industrial Board were not made upon the evidence introduced at a hearing at which both parties had an opportunity to be present and be heard and to introduce additional evidence. The board expressly states the award was made upon the statements of parties procured by the special investigator and upon his report, of which plaintiff in error had no notice or knowledge of any kind. In thus making the award the Industrial Board did not act within its powers but acted contrary to law.

Our conclusion in this case is not arrived at from a consideration of the evidence or facts disclosed by the testimony. The Industrial Board states in its finding and award that its decision is based upon statements of witnesses taken *ex parte* and reported by the special investigator appointed for that purpose. No matter what the character of the evidence so taken was, the board did not act within its powers in making it the basis of the finding and award.

The judgment of the circuit court is reversed and the cause remanded to the circuit court, with directions to set aside the decision and award of the Industrial Board, and for such further orders as to law and justice appertain.

*Reversed and remanded, with directions.*