Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of WILLIAM STIMAL, Respondent, for Compensation under the Workmen's Compensation Law, v. JEWETT & COMPANY, Employer, and THE EMPLOYERS MUTUAL INSURANCE COMPANY OF NEW YORK, Insurance Carrier, Appellants.

Third Department, November 16, 1921.

**Workmen's Compensation Law — evidence — award based on unsworn report of physician submitted outside of regular hearing will be reversed — injury arising out of and in course of employment — claimant injured in garage while waiting for repairs to be made on employer's motor bus used in transporting employees to work — stopping at garage did not deprive claimant of his position of employee if at time he was in course of employment — matter remitted for further hearing.**

An award based on an unsworn report by a physician, submitted outside of any regular hearing of which the employer or insurance carrier had notice, will be reversed.

It cannot be said, as a matter of law, that claimant's injury did not arise out of and in the course of his employment, where it appears that the injury was received in a garage which claimant entered while waiting for repairs to be made on his employer's motor bus in which he was being carried to his work; that claimant paid his employer for transportation and that on the morning of the injury the bus arrived at his employer's plant about nine o'clock A. M., and where no finding is made on the question whether the passenger in the bus was on the employee's or the employer's time, the matter will be remitted for further consideration.

If the claimant was in the course of his employment while riding in the bus, the fact that the bus, while being operated by his employer, became unable to run and required services at the garage, did not deprive him while at the garage of his position as an employee.

APPEAL by the defendants, Jewett & Company and another, from an award of the State Industrial Commission, entered in the office of said Commission on the 14th day of February, 1921.

*Blauvelt & Warren* [*Joseph A. Warren* of counsel], for the appellants.

*Charles D. Newton,* Attorney-General [*E. C. Aiken,* Deputy Attorney-General, of counsel], for the respondents.

JOHN M. KELLOGG, P. J.:

On December 13, 1920, the last hearing was had before the Commission, when it announced that it would ask the claimant to appear before Dr. Grant for examination, and the case was continued. Dr. Grant made a report to the Commission January 12, 1921, and it is evident that his report forms the basis of the determination that there was a loss of the use of one-third of the hand. Apparently the report was not submitted at any hearing of which the appellants were notified. Dr. Grant did not appear for examination, and there was no opportunity to cross-examine him. The award, therefore, stands on the doctor's unsworn statement, which was received outside of any regular hearing. The law contemplates that the employer and the insurance carrier shall be notified of the hearing and participate therein, and the receipt of this report, under the circumstances, was prejudicial to the appellants and calls for a reversal. (*Jack* v. *Morrow Mfg. Co.*, 194 App. Div. 565.)

The difficult question is whether the claim should be dismissed or the matter sent back to the Commission for a rehearing. The contention of the appellants is that the injury did not arise in the course of the employment, and if this contention is sustained the claim should be dismissed. If, however, there is a chance that the claim can be sustained, the claimant should have an opportunity to fully present his case to the Commission.

Jewett & Company's plant was on the Military road, some distance from the city. The trolley cars ran by the plant, but did not give satisfactory service, and the employer deemed it for its interest to furnish and operate its own bus between the city and the works. The bus was furnished solely for the use of the employees and was not a public conveyance. The employer, however, charged each employee using it the same fare he would pay if he used the trolley car. The bus called at various places in the city and picked up the employees who presented themselves there. The claimant was near the garage where the bus was kept, and in the early morning went to the garage and took a place upon the bus. The bus was a little late in starting, on account of some fault with the engine, and as the bus proceeded upon its way, it was found

necessary to stop at a garage and have some work done upon
it. At the early morning hour the garage was not open. It
was a cold morning, about ten degrees below zero. The
claimant remained in the bus. The chauffeur and the other
employee upon the bus went to the boiler room of the garage
for relief from the cold. When they discovered that it would
be some time before the bus could proceed, they went to the
door and called the claimant into the boiler room to get warm.
On entering the room he fell down the steps and received his
injury. The appellants, with confidence, rely on *Matter of
Kowalek* v. *New York Consolidated R. R. Co.* (229 N. Y. 490)
as controlling this case. There, the employee in leaving his
work rode upon the car of the employer upon a free pass,
and it was held that being in a public conveyance he was not
there as an employee, but as a passenger, the same as the
other passengers in the car, and compensation was denied.
The claimant contends that *Matter of Littler* v. *Fuller Co.*
(223 N. Y. 369) establishes that he was in the course of his
employment at the time of the injury. There, the employer,
who was building a house about two miles away from the
railroad station, found it necessary to run a bus from the
station to the house in order to carry his employees, and an
employee who received an injury while riding in the bus was
held to have received it in the course of the employment, and
quotes with confidence from page 371 of the opinion of the
court: " The place of injury was brought within the scope of
the employment because Littler, when he was injured, was ' on
his way * * * from his duty within the precincts of
the company.' (*Matter of De Voe* v. *N. Y. State Railways,*
218 N. Y. 318, 320.)"

The claimant also relies upon *Driscoll* v. *Gillen & Sons
Lighterage, Inc.* (226 N. Y. 568); *Krawczyk* v. *MacNamara* (Id.
567) and *Sztorc* v. *Stansbury, Inc.* (189 App. Div. 388). If the
claimant was in the course of his employment while riding
in the bus, the fact that the bus, while being operated by
his employer, became unable to run and required services
at the garage, did not deprive him at the garage of his position
as an employee. (*Matter of Moore* v. *Lehigh Valley R. R. Co.,*
217 N. Y. 627.) The bus arrived at the plant about nine
o'clock A. M. Claimant was paid for the time he was in the

bus and garage.   The company, in a statement, declares that the men were paid from the time they rang the clock in the plant, with the addition: " This is subject to only such exceptions as we might voluntarily make."   The Commission made no finding whether the passage in the bus was on the employer's time or the employee's time and it may be important to have a finding upon that subject, and other facts may develop upon a rehearing which may have a direct bearing upon the question in dispute.   We are not now prepared to hold as matter of law that there can be no recovery in this case, and, therefore, the award is reversed and the matter remitted to the Commission for its further consideration.

COCHRANE, H. T. KELLOGG, KILEY and VAN KIRK, JJ., concur.

Award reversed and matter remitted to the State Industrial Board for further consideration.