Before STATE INDUSTRIAL BOARD, Respondent.

WILLIAM STIMAL, Claimant, Respondent, *v.* JEWETT & COMPANY and Another, Appellants.

Third Department, May 2, 1923.

**Workmen's compensation — claimant injured while waiting for employer's bus to be repaired — bus was not operated under contract with employees but as convenience to them and they paid for riding therein — accident occurred after time for commencing work — claimant received full day's pay on day of accident — injury did not arise out of and in course of employment.**

The claimant did not receive an injury arising out of and in the course of his employment where it appears that he was engaged to do carpentry work at his employer's plant, which was located some distance from the city in which claimant lived; that the employer operated an automobile bus between the city and its plant; that the employees who chose to ride on the bus paid a regular fare; that the bus was not operated under a contract with the employees to provide them with transportation, but they were at liberty to use the bus or a trolley; that in case the bus did not arrive before the time for the commencement of work the employees riding thereon were charged for the time lost, though on a few occasions the employer did not deduct anything for time lost through the failure of the bus to reach the plant on time; that on the morning of the accident the bus stopped at a garage for repairs and the claimant,

while waiting there for the bus to proceed, suffered the injuries complained of; that the accident happened at about seven-forty A. M. or ten minutes after the day's work should have begun, and that the claimant, who worked for the remainder of the day, was not charged with any time lost by reason of the failure of the bus to reach the plant on time.

APPEAL by the defendants, Jewett & Company and another, from an award of the State Industrial Commission, made on the 14th day of February, 1921, and also from a decision of the State Industrial Board made on the 10th day of August, 1922, affirming said award.

*Blauvelt & Warren* [*Joseph A. Warren* of counsel], for the appellants.

*Carl Sherman,* Attorney-General [*E. C. Aiken,* Deputy Attorney-General, of counsel], for the respondents.

HINMAN, J.:

The sole question in this case is whether the accident arose in the course of the claimant's employment. The claimant was engaged in general carpentry work for the employer, whose plant was situated a considerable distance outside of the city of Buffalo. The claimant resided within the city of Buffalo. He had no work to do for his employer outside of the plant. There was a trolley line running near the plant from the city of Buffalo which was customarily used by the Buffalo employees for which a transportation charge of ten cents was paid. During the winter in which the accident occurred, the employer had, however, been operating a sixteen-passenger bus over a certain route, starting from a certain point in Buffalo and running to and from the plant, morning and night, to supplement the service supplied by the trolley company. The route was selected to accommodate certain employees whom the employer was anxious to retain. The employer operated this bus for hire and the fare charged and paid by the employees was the equivalent of the fare paid to the trolley company when the trolley was used. The claimant was one of the employees who had been accustomed to use the bus. The employer did not agree with its employees to provide them with this bus transportation and the employees were at liberty to use the bus or the trolley as they saw fit. The bus was also used by the employer for light deliveries. It was not contemplated that the trip on the bus should be within the period of the day's employment. It was not agreed, expressly or impliedly, that pay should begin at the time of taking the bus but rather that the bus should arrive at the plant in time for the men to begin the work for which they were to be paid. It was not agreed, expressly or impliedly, that pay should begin even

at the hour when the bus ought to have arrived according to schedule in the absence of mishap. There was no agreement of any kind that a delay in arriving after the regular work hour had begun, due solely to fault or accident connected with the operation of the bus, should be counted as part of the period of hiring. The most that the record discloses is that on one or more isolated occasions, including the morning in question, the employer had excused the delay and had allowed a full day's pay, but the employer was not compelled by the contract of employment to do so. Time workers, of whom the claimant was one, were required to be at the plant at seven-thirty A. M., and if a time worker was late he was usually " docked " for the time lost whether he came on the trolley or on the bus, unless the president or another official waived it. Whether the time lost was waived or not depended on the value of the employee and apparently the claimant was one of those employees whose pay had not been " docked."

On the morning in question the claimant took the bus at the usual place between six and seven o'clock A. M. but it was severely cold and the radiator of the bus had been frozen which necessitated stopping at a garage for repairs while on the way to the plant. The garage was not yet open for the day's work. The claimant sat for a time in the bus and then on account of the severity of the weather he left the bus to go into the boiler room at the garage to get warm. Thinking there was a landing inside the door leading to the boiler room, the claimant stepped back and in so doing fell down the stairway sustaining a fracture of the left wrist for which the award has been granted.

The accident happened about seven-forty A. M. Upon arriving at the plant about eight-forty-five A. M., he proceeded to work and worked for the entire day and the employer allowed him a full day's pay which began at seven-thirty A. M., slightly before the time of the accident. The State Industrial Board has concluded that the time of the accident was within the time of employment and that, therefore, the accident arose during the course of his employment.

This case was before this court once before and was reversed upon another ground. (*Stimal* v. *Jewett & Co.*, 198 App. Div. 427.) This court at that time refused to decide the question raised here and suggested the taking of further testimony.

The sole question is whether this employee, whose work was confined to the plant, can recover within those authorities holding that such an employee is in the course of his employment while traveling to and from his work in a conveyance operated and furnished by the employer under the contract of employment and the necessities of the situation. (*Matter of Littler* v. *Fuller Co.*, 223 N. Y.

369.)   In this case, however, the record is devoid of proof that the bus was run by agreement with this claimant or any employee or was a necessity in the situation.   The employer was not obligated to provide the bus and the employee served his own convenience when he chose to ride either upon the trolley or upon the bus.   (*Matter of Kowalek* v. *New York Consolidated R. R. Co.,* 229 N. Y. 489.) The bus started between six and seven A. M. and the day's work began at seven-thirty A. M.   During the period contemplated for the transportation in the bus, the employee was not under the control of the employer, but was a passenger for hire.   The employer agreed to be a carrier for hire for the accommodation of the claimant and his fellow-passengers.   The employee became the employer and the employer became the employed as an independent contractor.   There was a new and separate contract and if the corporation failed to fulfill this contract to carry safely, the claimant would have a right of action at common law.   When the company failed to get its employees to the plant in time for the beginning of the day's work, it must be considered that either the employees took the chance of having the company excuse their delay or that the company breached its contract as carrier; and if it excused the claimant's failure to arrive on time on the day in question and allowed the claimant a full day's pay, this conduct on the part of the employer did not constitute a payment for wages earned, covering the time when the accident occurred, but was rather in the nature of a voluntary act or a reimbursement to the claimant for a loss due solely to the breach of contract of the company as carrier.

In the circumstances of this case we are unable to see how it can be held that the relationship of employer and employee existed at the time of the accident simply because the time of the accident came within the period of the day for which he was paid wages by the voluntary act of the employer rather than pursuant to the contract of hiring, particularly in view of the fact that the relationship at the time of the accident seems clearly to have been that of carrier and passenger.   The claimant was paying his employer for the privilege of being a passenger.   It is inconceivable that he should be considered as paying his employer for the privilege of being an employee.

The award should be reversed and the claim dismissed, with costs against the State Industrial Board.

H. T. KELLOGG, Acting P. J., KILEY, VAN KIRK and HASBROUCK, JJ., concur.

Award reversed and claim dismissed, with costs against the State Industrial Board.