Before STATE INDUSTRIAL BOARD, Respondent.

RALPH GANNUZZI, Respondent, v. FOXWOOD CONSTRUCTION COM-
PANY and Another, Appellants.

Third Department, January 7, 1925.

**Workmen's compensation — evidence — error for State Industrial Board to receive and act on report of physician without knowledge of defendants.**

It is reversible error for the State Industrial Board to receive the report of a physician outside of a hearing and to act upon the same without the knowledge of the employer or insurance carrier, thus depriving them of the right of examination.

APPEAL by the defendants, Foxwood Construction Company and another, from an award of the State Industrial Board, made on the 26th day of October, 1923, and also from a subsequent award made on the 12th day of May, 1924, confirming the previous award.

William B. Davis, for the appellants.

Carl Sherman, Attorney-General [E. C. Aiken, Deputy Attorney-General, of counsel], for the respondents.

COCHRANE, P. J.:

The last hearing at which evidence was taken was April 19, 1923. At the close of the hearing the referee directed the claimant to be examined that day and reserved decision. There appears in the record a detailed report by Dr. Johnson dated on said April 19, 1923, which concludes as follows: " It is my opinion that the injury might precipitate an already existing condition present." This report evidently influenced the decision of the Board because it has found that the injury " so aggravated and activated the pre-existing condition " as to cause the subsequent condition from which it found the claimant to be suffering and for which it made the award. From the record it does not appear that the appellants had any knowledge of this report of Dr. Johnson or any opportunity to examine him in reference thereto. It appears to have been received outside of any regular hearing. It was error for the Board to receive and act upon this report without the knowledge of the appellants, thus depriving them of the right of examination in respect thereto. (*Stimal* v. *Jewett & Co.*, 198 App. Div. 427; *Jack* v. *Morrow Manufacturing Co.*, 194 id. 565; *Nestor* v. *Pabst Brewing Co.*, 191 id. 312.)

The awards should be reversed and the matter remitted, with costs against the State Industrial Board to abide the event.

All concur.

Awards reversed and matter remitted, with costs against the State Industrial Board to abide the event.