MINNIE A. ROBERTSON *v.* NORTH AMERICAN
REFRACTORIES COMPANY ET AL.
[No. 1, October Term, 1935.]

*Decided October 30th, 1935.*

The cause was argued before BOND, C. J., URNER,
SLOAN, MITCHELL, SHEHAN, and JOHNSON, JJ.

*Edward J. Ryan* and *Taylor Morrison,* for the appellant.

*Daniel E. Klein* and *George Henderson,* for the appellees.

Bond, C. J., delivered the opinion of the Court.

The appellant claims compensation under the Workmen's Compensation Act (Code, art. 101, as amended) for the death of her husband of heart disease while at his work, on the ground that the death was brought about by an accident, but the State Industrial Accident Commission failed to find an accidental cause, from the evidence, and on appeal below the court, too, failed to find legally sufficient evidence to prove it, and directed a verdict against the claim. The finding of the commission had the effect not only of showing a possibility that the death occurred without accidental cause, but of requiring it to be presumed, *prima facie,* that it did so occur, and of putting upon the claimant the burden of proving that it did not. Code, art. 101, sec. 56, as amended by Laws 1927, ch. 587. And this court in turn fails to find evidence sufficient to meet the burden, and to furnish the basis for a reversal of the finding below.

The deceased man worked at firing a brick kiln, and without anybody's having seen the preceding happenings, was found lying dead, on his back, on a coal pile before the kiln and behind the fireman's working space. Burns on the skin, described as of the size of half a dollar, but longer, were found on his forehead, his cheek, and his left hand. And from the presence of these burns the claimant traces an accidental production of a heart stroke, on the theory that the burns preceded the stroke and produced it by shock. It was testified that the walls of the kiln were so thick that burns could not have been received from touching them, that the kiln had no door to the opening, the fire being placed in the back of it and the opening being blocked to some extent by fresh coal, and that wind blowing down the chimney sometimes blew flame out of the opening. There was no testimony of the existence of wind on the day of the death, or of flame blown out by it, none that the burns on the body were received before the fatal stroke, or that they were such burns as would or might be received from a blown flame. And there was none of the further

essential fact that such an accident, with the resulting burns, might have caused the heart stroke. Nothing above speculation and conjecture is available for support of the hypothesis of preceding accidental cause.

If there was an accidental cause of the death, it is, in this as in all other instances, regrettable that for want of witnesses to prove it the fact cannot be ascertained. But the system erected under the act provides compensation for death or injuries only within a limited class, those from accidents arising out of and in the course of the work, and until an accidental cause is shown, the act cannot apply, and the benefits cannot be extended by the commission, or by the courts on appeal. As has been observed in other cases, the benevolent purpose of the act would not warrant a judicial extension of it beyond the limits it prescribes, or dispense with the ordinary requirements of proof of the fact that a particular case does come within those limits. *Cambridge Mfg. Co. v. Johnson*, 160 Md. 248, 252, 153 A. 283; *Hagerstown R. Co. v. Wingert*, 133 Md. 455, 457, 105 A. 537; *State, use of Silver, v. Philadelphia, B. & W. R. Co.*, 120 Md. 65, 77, 87 A. 492.

*Judgment affirmed, with costs.*