HENRY H. HATHCOCK, ETC *v.* GEORGE K. LOFTIN,
ET AL.

[No. 21, October Term, 1941.]

*Decided November 6th, 1941.*

The cause was argued before BOND, ·C. J., SLOAN,
DELAPLAINE, COLLINS, FORSYTHE, and MARBURY, JJ.

*Eugene A. Alexander, III* with whom were *Paul Berman* and *Avrum K. Rifman,* on the brief, for the appellants.

*Thomas M. Jacobs,* with whom were *George E. Kieffner* and *Pearre, Kieffner & Jacobs,* on the brief for the appellees.

BOND, C. J., delivered the opinion of the Court.

The case presents a question of the effect of failure of claimants for compensation under the Workmen's Compensation Act, Code, Art. 101, to appear before the State Industrial Accident Commission and produce evidence at a hearing regularly called. The Commission disallowed the claim filed in this instance, and the Baltimore City Court, on motion, dismissed the claimants' appeal.

The claimants are infant sisters of Charles Lloyd Hathcock, of North Carolina, who was alleged to have been struck by an automobile and killed in Maryland, on March 12th, 1939, while in the employ of Loftin and Hornbarrier, trading as the Colonial Motor Freight Lines. The deceased was a married man, but no claim was filed on behalf of a wife or children. After notice of the claim had been given to the employers named, they applied for a hearing (sec. 52), specifying for inquiry questions of jurisdiction of the Maryland State Industrial Accident Commission, the inclusion of the injury and death under the compensation law, the dependency of the sisters, dependency of the widow, and the amount of wages paid the deceased. The hearing was set for July 19th, 1940, and notice of it was given to the claimants, but they failed to appear, as stated. And ten days later the Commission passed the order disallowing the claim, with the privilege to the claimants, as provided by its rule, of applying for a reopening of the case in thirty days. The appeal was duly entered, but was dismissed on motion of the employers.

No reason for the failure to appear is given; on behalf of the claimants it is contended only that their application, with the papers attached, constituted *prima facie* proof of their claim before the Commission, and that

they are entitled to an appeal, with the privilege of adducing any other testimony now, from the Commission's decision on that evidence. Code, art. 101, sec. 70; Acts 1939, Ch. 465, sec. 56. This court finds the contention untenable.

Many sections of the law seem to demonstrate what is otherwise notorious, that the State Industrial Accident Commission is the body to which decision upon claims is principally committed. By section 9 it is required to regulate and provide "the nature and extent of the proofs and evidence and the method of taking and furnishing the same for the establishment of the right to compening upon application of either party. On appeal its desation." Under section 52 it is required to order a hearcision is to be taken as *prima facie* correct. Sec. 70. And on that appeal the trial court determines whether the Commission "has justly considered all the facts." Sec. 70. The Commission is "the original fact-finding body." *Bethlehem Steel Co. v. Mayo,* 168 Md. 410, 416, 177 A. 910, 912. In the absence of any application for a hearing, as in the greater number of cases, it may find the material submitted with the original claim sufficient for a decision, and may decide upon that alone. In this instance it is doubtful whether it could have done so, for this material gave it no facts from which it might determine whether the accident arose out of and in the course of the man's employment with these employers, as would have been necessary under section 14, or determine the existence of dependency in a widow, for whom no claim is made. The information as to dependents is incomplete. Sec. 48. Additional facts were needed.

But when a hearing is had such an *ex parte* presentation does not afford a basis of decision. Then the claim is in controversy, and the claimants put to their proof. There is only the one way in which the Commission can then determine the facts, namely by the hearing. And if no proof is offered in support of the claim, the first step in its establishment is not taken, and the ground of appeal in the Commission's determination of the facts, is lacking. "The statute clearly contemplates and requires

that, when the merits of the case require a decision upon a question of disputed fact, both parties shall have an opportunity, not only to present such evidence as they may desire, but also to be present at the taking and hearing of the evidence by the opposite party, so that each may have opportunity for the cross-examination of the other's witnesses." *Bereda Mfg. Co. v. Industrial Board*, 275 Ill. 514, 519, 114 N. E. 275, 277. *Forrester v. Marland*, 142 Okl. 193, 194, 286 P. 302; *Gannuzzi v. Foxwood, Const. Co.*, 211 App. Div. 637, 207 N. Y. S. 363.

For the claimants it is urged that the statutory presumption that a claim comes within the provisions of the article (sec. 79) dispenses with the need of evidence for a decision. It is a presumption required under the Workmen's Compensation Acts of many jurisdictions and refers to the exceptions from operation of the acts, such as that of employers and employees outside the scope of the article (sec. 76), and that of work in interstate commerce. *Pennsylvania R. Co. v. Stallings*, 165 Md. 615, 170 A. 163. It does not relieve claimants from establishing by evidence, in case of controversy, the facts of injury arising out of and in the course of employment with the specified employer, and of dependency of the claimants. The act in New York has a provision for the same presumption, McK. Consol. Laws, c. 67, sec. 21, but it is held that: "The Commission is not authorized, however, to make an award under the acts in the absence of at least some evidence that the employee met with an injury while he was at work for the specified employer and as a consequence of something that had a relation to the work of the employer, something done by him or by others while he was so employed." *Collins v. Brooklyn Union Gas Co.*, 171 App. Div. 381, 156 N. Y. S. 957, 959. And see *Mobley v. Brown*, 151 Okl. 167, 2 P. 2nd 1034, 83 A. L. R. 1014, 1016; *Matter of Adams v. Ross* 230, App. Div. 216, 217, 243 N. Y. S. 464; *Knorr v. Central R. R. Co.* 268 Pa. 172, 110 A. 797; *L. R. A.* 1917D, 131; *Robertson v. Refractories Co.*, 169 Md. 187, 189, 181 A. 223.

*Judgment affirmed with costs.*