DWAINE M. JENNINGS,

*Employee-Claimant and Respondent*

vs.

C. M. & W. DRILLING COMPANY

*Employer-Defendant and Appellant.*

(No. 2775; February 19th, 1957; 307 Pac. (2d) 122)

70

For the employer-defendant and appellant the cause was submitted upon the brief of Henry A. Burgess of Sheridan, Wyoming.

No appearance was made for employee-claimant and respondent.

Heard before Blume, C. J. and Harnsberger and Parker, J. J.

## OPINION

Mr. Chief Justice BLUME delivered the opinion of the Court.

This is a workmen's compensation case involving the question of whether or not the claim of an employee can be established by hearsay evidence.

On or about August 1, 1955, Dwaine M. Jennings, herein called the employee, was employed by the C. M. & W Drilling Company, a Colorado corporation, herein called the employer, upon its rotary oil rig working north of Sheridan, Wyoming. The duties of the employee consisted of watching the motors and equip-

ment as the drill stem pipe went into or out of the hole and working a set of tongs in the unscrewing of sections of pipe coming out of the hole and screwing together the sections of pipe as they went into the hole.

The employee contends he was injured on or about August 1, 1955, by the tongs slipping and slapping the back of his hand and this slipping and slapping occurred several times and as a result his hand became swollen. After work on August 1 or 2, 1955, the employee went to Dr. Carr, who did not find any fracture. About August 7 or 8, 1955, he returned to work where he remained until August 15, 1955, when his hand troubled him again. The employee went to Dr. Pratt, who found what he thought was a small fracture without displacement in one of the wrist bones of right hand and applied a cast. Following removal of the cast on September 14, 1955, Dr. Pratt removed a ganglion cyst from the wrist. The employee thereafter consulted Dr. Whiston of Casper, Wyoming, who sent him to the County Memorial Hospital at Sheridan, Wyoming, and subsequently released him.

Following the release of the employee from medical treatment, the employer was notified that an award of $2,040 would be made to the employee. The employer contested this award and a trial was had on June 6, 1956. The trial court found a permanent partial disability of 60% of the use of the employee's right hand ,and gave judgment against the employer in favor of the employee for $2,040. Part of the payment was to be in a lump sum and part payable monthly. The only testimony to establish the extent of the injury was that of the employee who, over the objection of appellant, stated that Dr. Whiston told him that his disability was to the extent of 60% of the use of his right arm.

The employer has taken an appeal from this judgment to this court, assigning as error the insufficiency of the evidence to support the judgment and that the judgment is contrary to the evidence and to the law, particularly in that the court erred in admitting in evidence the testimony of the employee concerning what Dr. Whiston told him regarding the extent of his injury.

Counsel for appellant states in his brief that the trial court "took the view that the rules of evidence should be relaxed to allow the employee to testify as to what a doctor had told him and then the burden was on the employer to rebut such testimony by medical evidence."

The burden to establish proof of the claim of the employee was upon him. Thus it is said in 71 C.J. § 866, p. 1062:

"Following the rule in common law action for personal injuries, and in civil actions generally, the burden of proof is on the compensation claimant to prove his case in all its parts by a preponderance of the evidence, notwithstanding the statutory presumption as to existence of facts necessary to give jurisdiction of the claim, or the statutory provision authorizing a liberal construction of the act."

The authorities seem to agree on this point. See 58 Am.Jur. § 433, p. 856, and numerous cases cited in the Decennial and General Digests, Workmen's Compensation, § 1339. It follows that the burden to establish the extent or degree of partial disability was upon the employee. Thus it is said in 58 Am.Jur. § 440, p. 860:

"The burden rests upon the claimant to show the extent of the injury, disability, or loss of earning power complained of."

And in 71 C.J. § 881, p. 1070, it is stated:

"The burden rests upon the employee to prove the facts as to the character and extent of the injury justifying, under the terms of the statute, an award in the amount that he seeks, whether it be for a total disability, permanent or temporary, or for a permanent or temporary partial disability."

As mentioned above the only testimony showing the extent of the injury of the employee was that of the claimant herein when he stated Dr. Whiston told him that the extent of the disability of the arm was 60%. That, of course, was clearly hearsay testimony, and was objected to by appellant as such. A statement, written or otherwise, by a person not summoned as a witness and made subject to cross-examination is inadmissible as hearsay, except in certain cases which are exceptions to that rule, but which are not applicable in the case at bar. Seals v. United States, C.C.A., 70 F.2d 519; Eikel v. Voris, 101 F.Supp. 963; Williams v. Laclede-Christy Clay Products Co., Mo.App., 227 S.W.2d 507. The question before us then is whether or not this was sufficient and competent testimony to sustain the award made herein. We think not.

In some of the states statutes have been enacted to the effect that the workmen's compensation commission shall not be bound by common law or statutory or technical rules of evidence. 2 Schneider, Workmen's Compensation Law., 2nd Ed., § 508, p. 1757, and 58 Am.Jur. § 445, p. 863. It has been held that under such statutes hearsay evidence is admissible within certain limits. We need not examine in detail what these limits are. Suffice it to say here that it would seem hearsay testimony alone is not sufficient to establish any of the important and vital issues in the case. See full discussion in 71 C.J. § 912, p. 1079, and see cases on the subject in Decennial and General Di-

gests under Workmen's Compensation, § 1385. In the case of Garfield Smelting Co. v. Industrial Commission of Utah, 53 Utah 133, 178 P. 57, 63, for instance, the court said as follows:

"We, however, agree with the New York Court, of Appeals, as expressed in 218 N.Y. 439, 113 N.E. 507, Ann.Cas. 1918B, 540, that although the commission in its investigations may have recourse to hearsay evidence to assist it at arriving at the real facts, yet when it makes its findings every finding of fact must be based on some substantial legal and competent evidence. In other words, every material finding that is entirely based on hearsay or other incompetent evidence is not supported by substantial evidence, and cannot be permitted to stand if seasonably and properly assailed. This, it seems to us, is the only reasonable and practical construction that should be placed on the Industrial Act when considered as a whole, as it must be."

In Southern Stevedoring Co. v. Voris, 5 Cir., 190 F.2d 275, 277, the court stated:

"Although administrative agencies may be relieved from observance of strict common law rules of evidence, their hearings must still be conducted consistently with fundamental principles which inhere in due process of law. * * *

"By admitting these ex parte statements, upon which the deputy commissioner apparently based his decision, at least in part, the right of cross examination was effectively denied appellants upon a crucial issue. Even under the liberal provisions of the Longshoremen's Act, we cannot sanction this practice. As was said in Interstate Commerce Commission v. Louisville & N.R. R. Co., 227 U.S. 88, 33 S.Ct. 185, 187, 57 L.Ed. 431, 'But the more liberal the practice in admitting testimony, the more imperative the obligation to preserve the essential rules of evidence by which rights are asserted or defended. * * * All parties * * * must be given opportunity to cross-examine witnesses * * *.' "

In Olso-Hall v. Industrial Commission, 71 Colo. 228, 205 P. 527, 528, the court stated in part:

"It is true that the Workmen's Compensation Statutes of most of the states provide that Industrial Commissions shall reach their conclusions without regard to technical rules of evidence. It is manifest, however, that the rule against hearsay is not technical, but vitally substantial, and may not properly be disregarded under such statutory provisions without grave danger of collusion, imposition and injustice. If a claimant be permitted to make out a case upon the essential facts of accidental injury upon hearsay testimony alone there is no limit to the frauds and wrongs that may be encouraged and made possible."

To the same effect is Swim v. Central Iowa Fuel Co., 204 Iowa 546, 215 N.W. 603.

If the rule is as stated under statutes which expressly or impliedly permit hearsay testimony in compensation cases, so much more it be true under statutes which make no provision for the admission or competency of such testimony. Thus it is said in 58 Am.Jur. §445, p. 863:

"It may be stated as a general rule that, in the absence of any statutory sanction therefor, hearsay evidence is not admissible in a proceeding before a compensation board or commission, unless it falls within one of the established execptions to the rule of exclusion."

As for instance testimony regarding pedigree or when it relates to res gestae. So it is said in 71 C.J. § 865, p. 1072:

"The general rules of evidence followed in common law actions for personal injuries, and in civil actions generally, apply to proceedings to secure compensation under the Workmen's Compensation Act."

To the same effect as the cases there cited are: American Mut. Liability Ins. Co. v. Kent, 71 GaApp. 453, 31 S.E.2d 81; Plyler v. Charlotte Country Club, 214 N.C. 453, 199 S.E. 622; Englebretson v. Industrial Accident Commission, 170 Cal. 793, 151 P. 421; Rafeldt v. Swanson, 155 Neb. 482, 52 N.W.2d 261, 266. See also Taylo vs. Stockwell, 22 Wyo. 492, 145 P. 743, 747. In Eikel v. Voris, 101 F.Supp. 963, 967, the court stated.

"The plaintiffs likewise complain of the Deputy Commissioner's action in receiving in evidence, over their objection, certain ex parte and unsworn written medical reports. The objections were to the effect that such reports constituted hearsay evidence and did not afford these plaintiffs the right of cross-examination. Aside from these reports, there was no evidence as to the nature or extent of the claimant's injuries other than his own testimony which, of course, was general in character and did not purport to set out with professional accuracy and detail the condition from which the claimant was suffering. It is evident from his findings that the Commissioner not only received and considered these medical reports, but that he accepted them verbatim in making his findings of fact as to the nature of the claimant's condition and the extent of his disability.

"I am convinced that this question is controlled by the recent opinion of the Court of Appeals for the 5th Circuit in Southern Stevedoring Co., Inc., et al. v. Voris et al., 5 Cir., 190 F.2d 275. This action of the Deputy Commissioner, standing alone, would require that the matter be referred back to him for further proceedings."

In Hathcock v. Loftin, 179 Md. 676, 22 A.2d 479, 480, the court said in part:

"But when a hearing is had such an ex parte presentation does not afford a basis of decision. Then the claim is in controversy, and the claimants put to their proof. There is only the one way in which the commission can then determine the facts, namely, by the

hearing. And if no proof is offered in support of the claim, the first step in its establishment is not taken, and the ground of appeal in the commission's determination of the facts, is lacking. 'The statute clearly contemplates and requires that, when the merits of the case require a decision upon a question of disputed fact, both parties shall have an opportunity, not only to present such evidence as they may desire, but also to be present at the taking and hearing of the evidence by the opposite party, so that each may have opportunity for the cross-examination of the other's witnesses.' Bereda Mfg. Co. v. Industrial Board, 275 Ill. 514, 519, 114 N.E. 275, 277. Forrester v. Marland, 142 Okl. 193, 194, 286 P. 302; Gannuzzi v. Foxwood Const. Co., 211 App.Div. 637, 207 N.Y.S. 363."

In London v. Industrial Commission, 71 Ariz. 111, 223 P.2d 929, it was held that in a workmen's compensation proceeding, a letter from one doctor to another doctor was hearsay and hence inadmissible. In Reeves v. Union Sulphur Co., LaApp., 193 So.399, it was held that tendered testimony of the employee as to what two or three doctors told him after their examination of him was inadmissible as hearsay.

We hardly think our statutes relating to Workmen's Compensation permit the admissibility of hearsay evidence, although we need not pass on the question whether the admission thereof in particular cases would constitute reversible error. True, § 70, ch. 143, Session Laws of Wyoming, 1951, provides that in such cases "The taking of evidence shall be summary, giving a full opportunity to all parties to develop the facts fully." It is said in Sears v. Treasurer and Receiver General, 327 Mass. 310, 98 N.E.2d 621, 631, that no final definition of the term "summary" can be given. See Words and Phrases under "summary". It there appears that in a number of cases the term summary proceeding means that it shall be prompt, and without unreasonable and unnecessary delay, without long ad-

journments or placing on the calendar. See People v. Hendrick, 215 N.Y. 339, 109 N.E. 486, 488. It does not, we think, include the admissibility of incompetent testimony. It is true this court has always construed the workmen's compensation law liberally. But as stated in Chambers v. Bilhorn, Bower & Peters, 145 Neb. 277, 16 N.W.2d 173, that relates to the construction of our law, not to the evidence offered to support a claim, and does not dispense with the necessity of a claimant to prove his claim by competent testimony.

It follows from what we have said that the judgment of the district court must be reversed, and the case is remanded to that court for further proceedings not inconsistent with this opinion.

Reversed and remanded.