701 P.2d 1153 (1985)
In the Matter of the Injury To: Dorene Beyer ABAS f/k/a Dorene Beyer, an employee of: Amax Coal Company.
Dorene Beyer ABAS f/k/a Dorene Beyer, Appellant (Employee-Claimant),
v.
The STATE of Wyoming, ex rel. WYOMING WORKER'S COMPENSATION DIVISION, Appellee (Respondent).
No. 84-253.
Supreme Court of Wyoming.
July 3, 1985.
*1154 John S. Wolfe of Banks, Johnson, Wolfe & Hallock, Gillette, for appellant.
Randal R. Arp of Morgan & Brorby, Gillette, for employer Amax Coal Co.
A.G. McClintock, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., John W. Renneisen, Senior Asst. Atty. Gen., Terry J. Harris, Asst. Atty. Gen., Cheyenne, for appellee.
Before THOMAS, C.J., and ROSE, ROONEY, BROWN and CARDINE, JJ.
BROWN, Justice.
This is an appeal from the district court's denial of additional temporary total worker's compensation benefits to appellant Abas. Appellant applied for an award of temporary total disability benefits under § 27-12-402, W.S. 1977 (June 1983 Replacement), after she had previously received a rating of permanent partial disability and received a lump sum award under § 27-12-403, W.S. 1977, based upon such rating.
We will affirm.
Appellant presents a single issue for our review:
"Under Wyoming Statute Section 27-12-606, is an injured employee entitled to temporary total disability benefits under Wyoming Statutes Section 27-12-402, when said employee is totally disabled temporarily, after said employee has received a rating of permanent partial disability and received a lump sum amount, in light of the language in Wyoming Statute Section 27-12-606 stating:
"`Where an award of compensation has been made in favor of or on behalf of an employee for any benefits under this Act [Sections 27-12-101 to XX-XX-XXX], an application may be made to the Clerk of District Court by any party within four (4) years from the date of the last award, or at any time during which monthly payments under an award are being made, for additional benefits of any type or nature or for a modification of the amount of the *1155 award on the ground of increase or decrease of incapacity due solely to the injury, or upon grounds of mistake or fraud'?"

I
Appellant was injured on December 4, 1980, while operating a dump truck in the employ of Amax Coal Company. She was treated for "cervical muscle neck spasms and symptoms of stretched cervical nerves." The treating physician allowed appellant to return to work eleven days after the accident. The pain in appellant's neck and back persisted until February 16, 1981, when it was recommended that she stay home from work.
Several surgeries were performed on appellant's back after the accident. On December 13, 1981, exploratory surgery was performed and an unstable junction was discovered in appellant's lower back between the L-4 and L-5 vertebrae. On January 14, 1982, appellant underwent her first posterior lateral fusion of the L-4 vertebra down through the S-1 vertebra.[1]
On April 7, 1982, the trial court awarded worker's compensation benefits to appellant in the form of temporary total disability and payment of medical bills resulting from her injuries. By letter dated July 8, 1982, appellant's surgeon, Dr. Berkebile, wrote to the clerk of the district court, indicating he expected appellant to remain on temporary total disability status for approximately six to twelve months from the January 14, 1982, surgery. He further indicated that he estimated appellant's injury would result in a 25 percent permanent partial disability. On October 15, 1982, Dr. Berkebile indicated in a note that appellant "may return to plant attendant type of work as of November 17, 1982." However, there is no showing that appellant ever returned to work.
Appellant subsequently petitioned the district court for permanent partial disability compensation which was awarded in the amount of $7,500 by the court on January 24, 1983. After this amount was exhausted, appellant again applied for temporary total disability benefits which were awarded by the district court on April 4, 1984, for the period beginning August 30, 1983, and terminating on April 6, 1984.
After appellant continued to suffer back pain due to the incomplete fusion of her back, additional medical advice was received from various physicians who indicated further surgery was needed. Consequently, appellant petitioned for further temporary total disability benefits. The district court denied the petition by order filed September 4, 1984, finding:
"1. That the employee was granted a permanent partial disability award of 25% to the body as a whole, for the injury sustained on the 4th day of December, 1980.
"2. That said payment was made in a lump sum.
"3. That an award of permanent partial disability prevents the employee claimant from receiving further temporary total disability benefits.
"IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that the employee's request for temporary total disability benefits from April 7, 1984 through the present date be denied."
From this order, appellant brings the present appeal.

*1156 II
We begin by stating the applicable standards of review. When reviewing cases on appeal, we accept the evidence of the prevailing party as true, leaving out entirely the consideration of evidence presented by the unsuccessful party in conflict therewith, giving every favorable inference which may fairly and reasonably be drawn from the prevailing party's evidence. Stockton v. Sowerwine, Wyo., 690 P.2d 1202 (1984); and City of Rock Springs v. Police Protection Association, Wyo., 610 P.2d 975 (1980). The findings of fact made by the trial court are presumed to be correct, and we will not disturb such findings unless inconsistent with the evidence, clearly erroneous or contrary to the great weight of the evidence. Palmeno v. Cashen, Wyo., 627 P.2d 163 (1981); and Rocky Mountain Turbines, Inc. v. 660 Syndicate, Inc., Wyo., 623 P.2d 758 (1981).
We have held that worker's compensation statutes are to be liberally construed to effectuate their beneficent purpose. Conn v. Ed Wederski Construction Company, Wyo., 668 P.2d 649 (1983); Matter of Johner, Wyo., 643 P.2d 932 (1982); Mor, Inc. v. Haverlock, Wyo., 566 P.2d 219 (1977). The purpose of such construction is to require the industry to bear the burden of industrial accidents, not the injured worker. But we cannot ignore clear statutory language and apply worker's compensation statutes to situations that do not reasonably fall within the intended ambit of such laws. Matter of Van Matre, Wyo., 657 P.2d 815 (1983); and Alco of Wyoming v. Baker, Wyo., 651 P.2d 266 (1982).
As stated earlier, appellant requested that the court award her further temporary total disability benefits. Her request was brought under § 27-12-606, W.S. 1977 (June 1983 Replacement), which provides:
"Where an award of compensation has been made in favor of or on behalf of an employee for any benefits under this act [§§ 27-12-101 through XX-XX-XXX], an application may be made to the clerk of district court by any party within four (4) years from the date of the last award, or at any time during which monthly payments under an award are being made, for additional benefits of any type or nature or for a modification of the amount of the award on the ground of increase or decrease of incapacity due solely to the injury, or upon grounds of mistake or fraud."
We think the trial court was correct in denying such request. Although appellant petitioned for further temporary total disability benefits, it is clear from her brief that she sought the award of additional benefits based upon a change in her condition. Rule 15(b), Wyoming Rules of Civil Procedure, contemplates a trial on issues not raised by the pleadings. Bragg v. Marion, Wyo., 663 P.2d 505 (1983). Appellant's treating physician, Dr. Berkebile, had rated appellant's injury as a 25 percent permanent partial disability and appellant had received $7,500 based on such rating, before her request for further temporary total disability benefits. And even though further surgery was indicated to treat appellant's back, there was no showing that her 25 percent permanent partial disability rating was changed in any way.
We have held that questions regarding the extent and duration of a claimant's disability are questions of fact to be determined by the trial court and shall be reviewed as such. Pacific Power and Light v. Parsons, Wyo., 692 P.2d 226 (1984). In Conn v. Ed Wederski Construction Company, supra, we considered the issue of when a claimant can reopen his worker's compensation case under § 27-12-606 based upon mistake. We held the claimant in that case had failed to prove his back injury had been improperly diagnosed and upheld the district court's denial of claimant's petition to reopen his case:
"* * * An award, being characterized as a judicial determination, is subject to the concept of finality. Given this proposition, § 27-12-606, W.S. 1977, represents an attempt by the legislature to balance the concept of finality as applied to worker's compensation awards with the need to assure that injured workmen receive *1157 the full amount of any benefits to which they are entitled under the law. The grounds, however, for reopening are limited. * * *" Conn v. Ed Wederski Construction Company, supra, at 653.
In the present case, appellant was awarded temporary total disability benefits on two separate occasions: for the majority of the period extending from December of 1980 through December of 1982, and for the period beginning on August 30, 1983, and terminating on April 6, 1984. During the interim of these two periods, appellant was awarded a lump sum for her 25 percent permanent partial disability rating. We find, therefore, that the trial court was correct in denying appellant's petition for further temporary total disability benefits, nor has appellant met her burden of showing an increase of incapacity.[2]
Affirmed.
NOTES
[1] The unstable junction was located in appellant's lower back, between lumbar vertebrae numbers 4 and 5. The post lateral fusion operation connected lumbar vertebrae 4 and 5 with the sacral vertebra number 1. The operative procedure for a posterior lateral fusion is described thusly:

"* * * The incision is carried wide laterally to expose the transverse processes of the vertebrae to be fused. These are roughened, and broad grafts are used to bridge the space between them. This operation has been found useful in cases where extensive removal of bone from the posterior elements of the vertebrae (laminectomy) is required leaving little available bony surface to which grafts can be applied." 1B Gray, Attorneys' Textbook of Medicine, ¶ 13A.32(b), p. 13A-42. (3rd Ed. 1984).
[2] The district court awarded appellant temporary total disability benefits after she had already received a permanent partial rating and award. The propriety of such action has not been raised and we need not address it.