**Keith ARCOREN, Appellant (Employee-Claimant),**

v.

**WESTBURNE DRILLING, Appellee (Employer),**

v.

**STATE of Wyoming, ex rel. WYOMING WORKER'S COMPENSATION DIVISION, Appellee (Objector).**

No. 86–205.

Supreme Court of Wyoming.

Dec. 29, 1986.

K. Craig Williams of Williams, Kelly & Waldrip, Rawlins, for appellant.

A.G. McClintock, Atty. Gen., Josephine T. Porter, Asst. Atty. Gen., and Patrick J. Crank, Asst. Atty. Gen., Cheyenne, for appellee (objector).

Before THOMAS, C.J., and BROWN, CARDINE, URBIGKIT and MACY, JJ.

BROWN, Justice.

This is an appeal from an award of worker's compensation benefits. Appellant Keith Arcoren claimed disability benefits after sustaining a back injury. After a hearing on the matter, the trial court awarded appellant a twenty percent permanent partial disability pursuant to § 27–12–403, W.S.1977 (June 1983 Replacement). Appellant urges a single issue on appeal:

> "The District Court erred in disallowing evidence of the employee's prior earnings and not considering loss of earning capacity."

We will affirm.

Appellant injured his back on August 17, 1984, when he fell while standing on a barrel painting the substructure of a drilling rig owned by his employer, appellee Westburne Drilling, Inc. Appellant was employed as a roughneck, but, since the rig was not operating, he was performing the duties of a "dry watcher" on the day of the injury. The duties of a "dry watcher" include watching the rig 24 hours per day so that no one steals parts from the rig.

Appellant received worker's compensation benefits after the injury. On January 15, 1986, he applied for a temporary total disability award. Appellee State of Wyoming, Worker's Compensation Division, objected to the award of further temporary total disability benefits. After a hearing, the district court denied additional temporary total disability benefits finding that appellant had failed to prove an increase in incapacity due solely to the injury.

Thereafter on March 17, 1986, appellant filed an "Application for Increase in Permanent Partial Disability Benefits." The application stated that appellant's treating physician, Dr. John A. Whipp, had assigned appellant a ten percent permanent partial disability rating based solely on physical impairment and the rating failed to account for any vocational disability as required under § 27-12-403(h), W.S.1977 (June 1983 Replacement). The application went on to state that an additional hearing was necessary in order to correct the ten percent permanent partial disability award which was alleged to be erroneous. Another hearing was held on June 6, 1986, and the district court awarded an additional ten percent permanent partial disability rating. The district court's final order stated that appellant's total permanent partial disability rating of twenty percent for his back injury was to compensate him "for any and all vocational impairment and physical functional impairment."

We begin by stating our applicable standards of review. On appeal, we accept the evidence of the prevailing party as true, leaving out of consideration the evidence presented by the unsuccessful party in conflict therewith, giving every favorable inference which may fairly and reasonably be drawn from the prevailing party's evidence. *Matter of Abas*, Wyo., 701 P.2d 1153 (1985); and *Stockton v. Sowerwine*, Wyo., 690 P.2d 1202 (1984). A trial court's findings are presumed correct and such will not be disturbed unless they are inconsistent with the evidence, clearly erroneous or contrary to the great weight of the evidence. *Palmeno v. Cashen*, Wyo., 627 P.2d 163 (1981).

Appellant raises only one issue on appeal asking whether the district court erred in refusing to admit evidence of appellant's prior earnings and refusing to consider appellant's loss of earning capacity.

At the June 6, 1986, hearing, appellant's counsel attempted to introduce evidence of appellant's prior earnings on four occasions. The admission was refused by the trial court each time. Apparently, counsel for appellant attempted to introduce a check stub from a prior paycheck as evidence of appellant's prior earnings.

We recognized in *McCarty v. Bear Creek Uranium Company*, Wyo., 694 P.2d 93 (1985), that in appropriate cases it may be proper for a trial court to consider loss of income. However, we also recognized that there may be other factors which are relevant in determining the cause of the lack of available jobs to the worker. We cited with approval the following authority on the subject:

"* * * [T]he wages or earnings of a workman may be evidence, varying in its probative value according to the circumstances, of his earning power or capacity, it is obvious that the extent, if any, to which the workman's earning capacity is affected by the injury complained of is not necessarily measured by the difference between his earnings before and after the injury, since the amount of his actual earnings may be affected by various extraneous matters. *Ordinarily, any loss of earnings which is not attributable to the injury, as, for example,* loss due to the workman's fault subsequent to the accident, or to his illness not

connected with the accident, *or to a general business depression, is not to be considered in determining the amount of compensation.* Loss of earnings due to inability to obtain work is to be considered in determining the amount of compensation insofar, but only insofar, as such inability is attributable to the injury.'' (Emphasis added.) Id., at 95, citing 82 Am.Jur.2d Workmen's Compensation § 347, p. 145 (1976). See also 2 Larson, The Law of Workmen's Compensation, § 57.63, p. 10–164.135 (1986).

■ In this case, two witnesses testified as to the poor economic conditions in appellant's area and the effect upon appellant. It appears that the primary factor in appellant's failure to obtain work is the depressed economy in Carbon County and the surrounding environs. Therefore, we can find no error in the district court's denial of the admission of the proposed evidence.

■ Furthermore, we think a single check stub from a past pay check would be insufficient to properly establish loss of income. The burden rests upon the claimant in a worker's compensation case to establish every essential element of his claim through a preponderance of the evidence. *McCarty v. Bear Creek Uranium Company,* supra; and *Alco of Wyoming v. Baker,* Wyo., 651 P.2d 266 (1982). It is incumbent upon the claimant to show the extent of his injury, the disability or the loss of earning power, *Jennings v. C.M. & W. Drilling Company,* 77 Wyo. 69, 307 P.2d 122 (1957), and that he is entitled to

the award he seeks. *Matter of Hasser,* Wyo., 647 P.2d 66 (1982).

Questions regarding the extent and duration of a claimant's disability are questions of fact to be determined by the trial court and shall be reviewed as such. *Matter of Abas,* supra; and *Pacific Power and Light v. Parsons,* Wyo., 692 P.2d 226 (1984).

Based on the evidence presented, we can find no reversible error in the trial court's award in this case.

Affirmed.

MACY, J., filed a specially concurring opinion, with whom URBIGKIT, J., joined.

MACY, Justice, specially concurring, with whom URBIGKIT, Justice, joins.

I concur in the result for the reason that even if the check had been received in evidence, it would not have been sufficient by itself to show a reduction of income. My reading of *McCarty v. Bear Creek Uranium Company,* Wyo., 694 P.2d 93 (1985), however, is that evidence of preinjury work-related income is material to the question of earning capacity, and it is entitled to whatever weight the finder of fact may give it. If the court refuses to admit such evidence, it cannot be weighed.