**ALLSTAR VIDEO, INC., formerly W.L.C., Inc., a Wyoming corporation, Appellant (Defendant),**

v.

**Lawrence D. BAEDER and Judith A. Baeder, Appellees (Plaintiffs).**

No. 86–189.

Supreme Court of Wyoming.

Dec. 31, 1986.

Michael B. Wilkerson, Gillette, for appellant.

Jack Sundquist, Gillette, for appellees.

Before THOMAS, C.J., and BROWN, CARDINE, URBIGKIT and MACY, JJ.

MACY, Justice.

This appeal involves a dispute over whether a computer equipment lease between appellant/lessee and appellees/lessors was rescinded. Appellees Lawrence Baeder and Judith Baeder filed suit against appellant Allstar Video, Inc., seeking past unpaid lease payments, the value of unreturned computer equipment, attorney's fees, and costs of suit. After trial to the court, judgment was entered against appellant for the amounts claimed by appellees.

We affirm.

Appellant states the issues on appeal to be:

"A. Did the court below commit error in finding and concluding that there was no evidence before the court of Allstar Video, Inc.'s (formerly W.L.C., Inc.) acceptance of the Plaintiff's [sic] offer of termination and in requiring Allstar Video, Inc. to pay for the new price of the computer and lease payments after the lease terminated[?]

"B. Did the court below commit error in finding that the Defendant would be the party at risk for loss of the computer at the time it was shipped to Plaintiffs[?]"

Appellees state the issues on appeal to be:

"I. WHETHER THERE WAS SUFFICIENT EVIDENCE FOR THE DISTRICT COURT TO FIND THAT THE EQUIPMENT LEASE BETWEEN BAEDERS AND ALLSTAR VIDEO, INC., (FORMERLY W.L.C., INC.) WAS NOT RESCINDED.

"II. WHETHER THE DISTRICT COURT PROPERLY FOUND ALLSTAR VIDEO LIABLE FOR THE VALUE OF THE UNRETURNED LEASED EQUIPMENT AND THE UNPAID LEASE PAYMENTS FROM JULY THROUGH DECEMBER, 1985.

"III. WHETHER APPELLEE IS ENTITLED TO REASONABLE ATTORNEY'S FEES FOR THIS APPEAL."

Prior to changing its name in 1985, Allstar Video, Inc., a corporation, was known as W.L.C., Inc. Appellees were shareholders in the corporation, and Mr. Baeder served on the board of directors. In the fall of 1984, appellees purchased certain computer equipment which they leased to the corporation pursuant to a written lease dated November 27, 1984. Due to differences with other members of the board of directors of W.L.C., Inc., Mr. Baeder sent a letter to appellant dated January 21, 1985, wherein he resigned as a member of the board of directors and requested that appellant terminate the computer equipment lease with appellees.

According to the evidence offered on behalf of appellees, appellant continued to make the monthly computer equipment lease payments through May 1985. On May 22, 1985, appellant sent Mr. Baeder a check for expenses which he incurred while he was associated with appellant. By letter dated July 2, 1985, Mr. Baeder was advised by Mr. Ron Innes, appellant's president, that the check amounted to an overpayment. Appellees deducted the June computer equipment lease payment from the expense check and returned the balance. No monthly lease payments were made thereafter, and appellant did not advise appellees of its desire to terminate the lease. Intermittently during the months of September through December 1985, appellant shipped the leased computer equipment to appellees in several different parcels; however, some of the equipment valued at $5,499 was lost in shipment.

According to the testimony offered on behalf of appellant relative to the termination of the lease, Mr. Innes notified Mr. Baeder during February 1985 that (1) appellant accepted his offer to terminate the lease; (2) the only reason it continued to make the monthly payments was to satisfy appellees' requirement that payment be made during the period necessary for ap-

pellant to close its loan with the Small Business Administration; and (3) appellees' requirement that monthly payments continue was in consideration for their signatures as guarantors on the loan which was closed July 2, 1985. Mr. Innes further testified that he asked Mr. Baeder to take the computer when he was in appellant's office on April 27, 1985, but Mr. Baeder said "he'd get it some other time."

On June 3, 1986, the court entered judgment against appellant, awarding appellees $5,499 as the value of the lost computer equipment, $1,926.82 for monthly lease payments from July through December 1985, $2,500 for attorney's fees, and $40.25 for costs of suit. The judgment also included the finding that "[t]here is no evidence of defendant's acceptance of the offer of termination" and that "[s]ince there was no acceptance of the offer of termination, there was no termination of the lease agreement."

## SUFFICIENCY OF THE EVIDENCE

■ Appellant contends that there was evidence before the court showing that it accepted appellees' offer to terminate the lease and that consequently it was reversible error to find otherwise. We agree with appellant that there was some evidence of acceptance of the offer to terminate the lease; however, we hold that such does not warrant a reversal of the judgment.

In this case, there is conflicting evidence as to whether or not the lease was terminated. The evidence presented by appellant was that, during February 1985, Mr. Innes orally advised Mr. Baeder that appellant accepted the offer to terminate the lease. The evidence presented by appellees is that they did not receive an acceptance of their offer; they continued to receive lease payments through May 1985; and they deducted the June lease payment from other moneys inadvertently sent to them, without objection by appellant.

This Court has frequently stated its standard for appellate review of conflicting evidence to be:

"On appeal, we accept the evidence presented by the prevailing party as true, leaving out of consideration entirely conflicting evidence presented by the unsuccessful party, giving every favorable inference that may fairly and reasonably be drawn from the successful party's evidence." *Wangler v. Federer*, Wyo., 714 P.2d 1209, 1216–17 (1986), citing *Matter of Abas*, Wyo., 701 P.2d 1153 (1985), and *Stockton v. Sowerwine*, Wyo., 690 P.2d 1202 (1984).

We are, therefore, obliged in this case to disregard appellant's conflicting evidence that it accepted appellees' offer to terminate the lease. Giving every favorable inference that may be fairly and reasonably drawn from appellees' evidence, we must accept the finding of the trial court that "there was no termination of the lease agreement" and that appellees were entitled to the unpaid lease payments.

Appellant also contends that the court erred by requiring it "to pay for the new price of the computer and lease payments after the lease terminated." This contention is without merit. In the absence of a sale to appellant, appellees, pursuant to the terms of the lease, were the owners and entitled to possession of the leased equipment upon termination of the lease, regardless of how or when termination took place. In any event, judgment was entered against appellant for payment of "the value of the equipment which defendant failed to return," not the new price of the computer.

## RISK OF LOSS

■ Appellant's contention that it should not be liable for the value of the computer equipment lost in shipment to appellees would be far more persuasive had the court found that the equipment lease had been terminated and that Mr. Baeder agreed to accept delivery at appellant's office.

The provision of the lease dealing with risk of loss of the leased equipment reads as follows:

"RISK OF LOSS OR DAMAGE: LESSEE HEREBY ASSUMES ALL RISK

OF LOSS AND DAMAGE TO THE EQUIPMENT FROM ANY CAUSE AND AGREES TO RETURN IT TO LESSOR IN AS GOOD CONDITION AS WHEN RECEIVED, NORMAL WEAR AND TEAR EXCEPTED. NO LOSS OF, OR DAMAGE TO, THE EQUIPMENT SHALL IMPAIR ANY OBLIGATION OF LESSEE UNDER THIS LEASE AND ALL SUCH OBLIGATIONS SHALL CONTINUE IN FULL FORCE AND EFFECT UNTIL OTHERWISE DISCHARGED."

This lease provision clearly places the risk of loss on appellant, and the trial court did not err by entering judgment against appellant for the value of the equipment lost in shipment.

## ATTORNEY'S FEES

■ Paragraph eight of the lease provides:

"ATTORNEY'S FEES: IN THE EVENT THAT ANY LEGAL ACTION IS FILED IN RELATION TO THIS LEASE, THE UNSUCCESSFUL PARTY IN THE ACTION SHALL PAY TO THE SUCCESSFUL PARTY, IN ADDITION TO ALL OTHER SUMS THAT EITHER PARTY MAY BE CALLED ON TO PAY, A REASONABLE SUM FOR THE SUCCESSFUL PARTY'S ATTORNEY'S FEES."

Appellees contend that, by virtue of this lease provision, they are entitled to be awarded reasonable attorney's fees for this appeal. We agree.

This Court previously held in *DeWitt v. Balben*, Wyo., 718 P.2d 854, 865–66 (1986), that:

"In this case, the parties expressly agreed in the 1980 contract that the prevailing party be entitled to the award of attorney's fees. We think it logical then, in accordance with the great weight of authority, to apply such fees to those incurred on the appellate level.

\*    \*    \*    \*    \*    \*

"We think the appellate court should determine the proper attorney fees to be awarded on appeal. The appellate court is in a better position to review the appellate work done, and then set a reasonable fee."

Accordingly, a reasonable attorney's fee for appellees will be awarded by this Court upon receipt of proper documentation thereof.

Affirmed.

THOMAS, C.J., filed a specially concurring and dissenting opinion.

THOMAS, Chief Justice, specially concurring and dissenting.

I am in accord with the disposition of this case made in the majority opinion save for the question of attorney fees on appeal. I would reiterate the remarks that I made in a specially concurring and dissenting opinion in *DeWitt v. Balben*, Wyo., 718 P.2d 854, 866 (1986), as well as those made by Justice Raper, Retired, in his opinion concurring in part and dissenting in part. It seems that inevitably the award of a reasonable sum for attorney fees can inject questions of fact which best are resolved by the district court.