**Rick FISCHER, Appellant (Employee/Claimant),**

**v.**

**The STATE of Wyoming, ex rel. WYOMING WORKERS' COMPENSATION DIVISION, Appellee (Objector/Defendant),**

**Holiday Inn, (Employer/Defendant).**

**No. 86–263.**

Supreme Court of Wyoming.

March 27, 1987.

John S. Wolfe of Banks, Johnson, Wolfe & Hallock, Gillette, for appellant.

A.G. McClintock, Atty. Gen., Josephine T. Porter, Asst. Atty. Gen., Patrick J. Crank, Asst. Atty. Gen., Cheyenne, for appellee.

---

Before BROWN, C.J., and THOMAS, CARDINE, URBIGKIT and MACY, JJ.

BROWN, Chief Justice.

This is an appeal from the district court's denial of an award of permanent partial disability benefits and request for further vocational evaluation based on the district court's conclusion that appellant-employee failed to carry his burden of proving that he had sustained any permanent partial disability or that further vocational evaluation was a necessity.

We affirm.

On January 5, 1986, appellant Rick Fischer, a 32–year old maintenance man, slipped and fell on a wet floor while at work, injuring his back. At the time he was employed by the Holiday Inn located in Gillette, Wyoming. Upon seeking medical treatment, appellant was diagnosed by Dr. Gerald Baker as suffering from an acute musculoligamentous strain of the lumbar spine. Thereafter, he participated in an outpatient physical therapy program under the care of Dr. Patrick McDonald. Appellant was awarded temporary total benefits and medical costs.

On July 8, 1986, appellant filed a motion for examination and award of permanent partial disability payments. That motion alleged that appellant had suffered a vocational impairment as a result of the injury sustained, and requested an examination by appropriate vocational evaluators to determine the impact of his condition upon his ability to perform the work for which he was experienced and trained. The state objected to such an award or evaluation.

At trial, the district court after hearing evidence, concluded that appellant was not entitled to receive any permanent partial disability award and further, that appellant was not entitled to a vocational evaluation. This appeal is from that order.

Appellant states the relevant issues to be determined on appeal by this court as follows:

"1. Whether an injured employee, who has suffered an injury as defined in Wyoming Statutes Section 27–12–102(a)(xii), and has been advised by his physician to discontinue performing work for which he was reasonably suited by experience or training prior to his injury, is entitled to permanent partial disability benefits as provided for in Wyoming Statutes Section 27–12–403(a) and/or (h) when his physician has rendered an opinion that he has a 0% permanent physical impairment and loss of physical function to lower extremity using the manual for orthopedic surgeons in evaluating permanent physical impairment.

"2. Whether the employee-claimant is entitled to permanent partial disability benefits pursuant to Wyoming Statutes Section 27–12–403(a) and/or (h) based upon the physical impairment and impairment to earning capacity as a result of his injury.

"3. Did the district court err in its decision and finding that the employee failed to prove a permanent impairment and permanent disability as provided for in Wyoming Statute Section 27–12–403."

Appellee restates the issues in a single argumentatively fashioned issue, but appears to agree with appellant's statement of the issues.

For disposition of this case we rephrase the issue on appeal as whether or not the trial court erred or abused its discretion when it determined that appellant be denied an award of permanent partial disability pursuant to § 27–12–403, W.S.1977 (June 1983 Replacement), and whether he was entitled to a vocational evaluation.

As has been stated numerous times our standard of review is well established. On appeal we accept the evidence of the prevailing party as true, leaving out of consideration the evidence presented by the unsuccessful party in conflict therewith, giving every favorable inference which may fairly and reasonably be drawn from the prevailing party's evidence. *Matter of Arcoren*, Wyo., 730 P.2d 128 (1986); *Matter of Abas*, Wyo., 701 P.2d 1153 (1985); *Stockton v. Sowerwine*, Wyo., 690 P.2d 1202 (1984).

" * * * A trial court's findings are presumed correct and such will not be disturbed unless they are inconsistent with the evidence, clearly erroneous or contrary to the great weight of the evidence. *Palmeno v. Cashen*, Wyo., 627 P.2d 163 (1981)." *Matter of Arcoren*, supra, at 129.

" * * * [W]hen there is substantial evidence to support the facts found by the court, its order will not be disturbed. *Pacific Power and Light v. Parsons*, Wyo., 692 P.2d 226 (1984). * * *" *Worker's Compensation Claim of Cannon v. FMC Corporation*, Wyo., 718 P.2d 879, 882 (1986).

Further we note that:

" * * * The burden rests upon the claimant in a worker's compensation case to establish every essential element of his claim through a preponderance of the evidence. *McCarty v. Bear Creek Uranium Company*, [Wyo., 694 P.2d 93 (1985)]; and *Alco of Wyoming v. Baker*, Wyo., 651 P.2d 266 (1982). It is incumbent upon the claimant to show the extent of his injury, the disability or the loss of earning power, *Jennings v. C.M. & W. Drilling Company*, 77 Wyo. 69, 307 P.2d 122 (1957), and that he is entitled to the award he seeks. *Matter of Hasser*, Wyo., 647 P.2d 66 (1982)." *Matter of Arcoren*, supra at 130.

In this case we are concerned with one statute, § 27–12–403, W.S.1977 (June 1983 Replacement). It provides in applicable part:

"(a) Permanent partial disability means the loss or permanent impairment of a limb or sense, or any other injury known to surgery or medicine to constitute permanent impairment of a bodily function.
" * * *

"(h) For any other injury known to surgery or medicine to constitute permanent partial disability, the employee shall receive compensation in the amount proportional to the extent of permanent partial disability based as near as may be upon the foregoing schedule. One (1) factor to be considered is the ability of the employ-

ee to continue to perform work for which he was reasonably suited by experience or training prior to the injury."

Therefore, as clearly stated by the statute, appellant must show he has sustained some permanent partial disability in order to collect the appropriate benefits.

■ Like the trial court, we are dissatisfied with the nature of the proof relating to permanent partial disability. The only testimony concerning disability was that related by appellant himself who stated he had limitations of function and pain. However, while Dr. McDonald assigned lifting restrictions for appellant based on his complaints made during treatment, he gave appellant a physical impairment rating of zero. Further, other evidence presented by appellant failed to substantiate appellant's claim of permanent partial disability.

Succinctly stated, appellant was unsuccessful in bringing himself within the parameters of the pertinent statute. We find the weight of the evidence does not support a determination of any permanent partial disability. Given circumstances where an attending physician states that the claimant has suffered no loss of function of body or limb in terms of physical impairment, and where the claimant alleges pain which cannot be substantiated, we cannot determine that the trial court erred. Sufficient evidence exists in support of the trial court's factual determination.

"The trial court is in a better position to judge the demeanor, truth and veracity of the witnesses. * * * It is within the prerogative of the trier of fact to decide what evidence is most dependable. *Cederburg v. Carter*, Wyo., 448 P.2d 608 (1968). This we will not disturb on appeal." *State ex rel. Wyoming Worker's Compensation Division v. Colvin*, Wyo., 681 P.2d 269, 271 (1984).

" '[Q]uestions regarding the extent and duration of a claimant's disability are questions of fact to be determined by the trial court and shall be reviewed as such. * * *' *Matter of Abas* [Wyo.], 701 P.2d 1153, 1156 (1985)." *Worker's Compen-*

*sation Claim of Cannon v. FMC Corporation,* supra, at 882.

 Additionally, appellant claims that he was improperly denied the right to receive a vocational evaluation. Given the fact that a showing of physical impairment is a prerequisite to an award for permanent partial disability, we find that any vocational evaluation to determine the proportions of such loss fruitless and vacuous. Therefore, the trial court was correct in denying any vocational evaluation.

Affirmed.