**Melvin Duane LOGHRY, Appellant (Employee-Claimant),**

v.

**CAPSHAW WELL SERVICE, Appellee (Employer-Defendant).**

**State of Wyoming, ex rel. Wyoming Worker's Compensation Division, Appellee (Objector-Defendant).**

**No. 86–236.**

Supreme Court of Wyoming.

July 21, 1987.

Donald L. Painter, Casper, for appellant.

A.G. McClintock, Atty. Gen., Josephine T. Porter, Patrick J. Crank, Susan Overeem, Asst. Attys. Gen., Cheyenne, for appellee.

Before BROWN, C.J., and THOMAS, CARDINE, URBIGKIT and MACY, JJ.

BROWN, Chief Justice.

This is an appeal from the district court's denial of an award of additional permanent partial disability benefits based on the district court's conclusion that appellant-employee failed to carry his burden of proving that he had suffered an increased incapacity due solely to his injury.

We affirm.

On November 14, 1977, appellant Melvin Duane Loghry sustained a work related injury while employed by Capshaw Well Service, Inc. On September 29, 1983, appellant was awarded permanent partial disability benefits of thirty percent (30%) of the body as a whole. This award was based on the opinion of appellant's treating physician, Dr. Phillip D. Gordy, as stated in a letter filed with the clerk of court on September 29, 1983.

In February 1986, appellant filed for an additional seventy percent (70%) disability alleging that he was one-hundred percent (100%) permanently and totally disabled. On March 20, 1986, the state objected to such an award.

Subsequently, on June 27, 1986, a trial was held in the district court, and evidence and argument were presented by both parties. On August 4, 1986, the district court denied additional permanent disability benefits because " * * * the plaintiff [appellant] has not met his burden of showing

that his increased incapacity is due solely to the injury. * * * " This appeal is from that order.

Appellant states one issue to be determined as follows:

"Whether Appellant is entitled to additional permanent disability benefits under Worker's Compensation pursuant to § 27–12–606, W.S.1977, based upon an increase in incapacity."

In considering this contention, we follow the standard of review set out in previous cases by this court:

"On appeal, we accept the evidence of the prevailing party as true, leaving out of consideration the evidence presented by the unsuccessful party in conflict therewith, giving every favorable inference which may fairly and reasonably be drawn from the prevailing party's evidence. *Matter of Abas*, Wyo., 701 P.2d 1153 (1985); and *Stockton v. Sowerwine*, Wyo., 690 P.2d 1202 (1984). * * * " *Matter of Arcoren*, Wyo., 730 P.2d 128, 129 (1986).

" * * * A trial court's findings are presumed correct and such will not be disturbed unless they are inconsistent with the evidence, clearly erroneous or contrary to the great weight of the evidence. *Palmeno v. Cashen*, Wyo., 627 P.2d 163 (1981)." *Matter of Arcoren*, supra, at 129.

" * * * [W]hen there is substantial evidence to support the facts found by the court, its order will not be disturbed. *Pacific Power and Light v. Parsons*, Wyo., 692 P.2d 226 (1984). * * * " *Worker's Compensation Claim of Cannon v. FMC Corporation*, Wyo., 718 P.2d 879, 882 (1986).

Further we note that:

" * * * The burden rests upon the claimant in a worker's compensation case to establish every essential element of his claim through a preponderance of the evidence. *McCarty v. Bear Creek Uranium Company*, [Wyo., 694 P.2d 93 (1985) ]; and *Alco of Wyoming v. Baker*, Wyo., 651 P.2d 266 (1982). It is incumbent upon the claimant to show the extent of his injury, the disability or the loss of earning power, *Jennings v. C.M. & W. Drilling Company*, 77 Wyo. 69, 307 P.2d 122 (1957), and that he is entitled to the award he seeks. *Matter of Hasser*, Wyo., 647 P.2d 66 (1982). *Matter of Arcoren*, [Wyo., 730 P.2d 128] at 130." *Fischer v. State*, Wyo., 734 P.2d 558, 560 (1987).

In this case we are concerned primarily with one statute, § 27–12–606, W.S.1977. It provides in applicable part:

"Where an award of compensation has been made in favor or on behalf of an employee for any benefits under this act [§§ 27–12–101 through 27–12–804], an application may be made to the clerk of district court by any party * * * for additional benefits of any type or nature or for a modification of the amount of the award on the ground of *increase* or decrease of incapacity *due solely to the injury*, or upon grounds of mistake or fraud." (Emphasis added.)

As stated by the statute, appellant must show that he has sustained additional incapacity entirely as a result of the injury in order to collect additional benefits.[1]

At trial appellant tried to show an increase in incapacity on the basis of recurrence of seizure activity, increase in hearing deficiency, and increase in the pain and stiffness in the neck area.

In his deposition Dr. Holmes testified that appellant had experienced seizures beginning shortly after the injury in 1977. Further, both appellant and his wife testified that the seizures had been occurring since 1977 until sometime in 1985 in approximately the same frequency and manner. Therefore, it is clear that appellant was experiencing seizure problems before the permanent partial disability award.

At trial appellant did not produce evidence indicating any increase in headache

---

1. Appellant makes no claim to additional compensation based on the grounds of mistake or fraud.

pain or hearing deficiency since the time of his original award. Again, such difficulties and impairments were present at the time of his previous disability rating.

Thus, with regard to the recurrence of seizure activity, increase in headache pain and increase in hearing deficiency alleged by appellant, we agree with the determination of the trial court that appellant failed in his burden to prove that any increase in incapacity had occurred since September of 1983. Dr. Gordy was aware of these conditions and such factors were taken into account by him in his determination that appellant was thirty percent (30%) permanently and partially disabled.

Finally, appellant attempts to establish that the pain and stiffness in his neck has increased since September 1983. However, Dr. Holmes stated that the symptomology of rheumatoid arthritis from which appellant suffers is the same as the alleged pain and stiffness claimed to be in his neck as a result of the injury, that the rheumatoid arthritis condition has no connection to the work related injury suffered by appellant in 1977, and that appellant is severely disabled due to his rheumatoid arthritis condition. Therefore, we hold as the trial court found, that appellant failed in his burden to prove any increase in incapacity due *solely* to the injury. Succinctly stated, appellant was unsuccessful in bringing himself within the parameters of the pertinent statute.

" 'The trial court is in a better position to judge the demeanor, truth and veracity of the witnesses. * * * It is within the prerogative of the trier of fact to decide what evidence is most dependable. *Cederburg v. Carter*, Wyo., 448 P.2d 608 (1968). This we will not disturb on appeal.' *State ex rel Wyoming Worker's Compensation Division v. Colvin*, Wyo., 681 P.2d 269, 271 (1984).

" '[Q]uestions regarding the extent and duration of a claimant's disability are questions of fact to be determined by the trial court and shall be reviewed as such. * * * *Matter of Abas*, 701 P.2d 1153, 1156 (1985).' *Worker's Compensation Claim of Cannon v. FMC Corporation,*

[718 P.2d 879] at 882." *Fischer v. State,* supra, at 560–561.

Sufficient evidence exists in support of the district court's factual determination.

Affirmed.