**The STATE of Wyoming, ex rel. WORKER'S COMPENSATION DIVISION, Appellant (Objector/Defendant),**

v.

**Melvin Virgil LEWIS, Appellee (Employee/Claimant).**

No. 87–93.

Supreme Court of Wyoming.

July 22, 1987.

Joseph B. Meyer, Atty. Gen.; Josephine T. Porter, Sr. Asst. Atty. Gen., and Susan Maher Overeem, Asst. Atty. Gen., for appellant.

Sharon M. Rose, Vehar, Beppler, Jacobson, Lavery & Rose, P.C., Kemmerer, for appellee.

Before BROWN, C.J., and THOMAS, CARDINE, URBIGKIT and MACY, JJ.

PER CURIAM.

The only question to be decided in this case is whether a determination by the trial court that Melvin Virgil Lewis suffered a 60% permanent partial disability as a result of a work-related injury is supported suffi-

ciently by the evidence. We affirm the judgment of the trial court in this regard.

The Worker's Compensation Division of the State of Wyoming in presenting this appeal states the issues to be:

"I. Did the appellee carry his burden of proof showing his decrease in earning capacity was a direct result of his injury and did the district court err in finding the same?

"II. Does the great weight of the evidence show that appellee's decrease in earning capacity is due to economic conditions and therefore does not support the district court's finding and award of sixty percent permanent partial disability of the whole body?"

In his brief, Lewis says that the issue is:

"I. Did the trial court err in finding that appellee had suffered loss of earning capacity, as a result of his work-related injury rather than as a result of economic conditions."

Lewis is a 57–year-old ironworker who broke his wrist on the job, and, as a result, he lost significant strength in the grip in his left hand. A physician who examined Lewis at the request of the Worker's Compensation Division assessed the impairment as 15% of the lower arm. Evidence in the record demonstrates that employment as an ironworker demands two good hands. Lewis had worked some in supervisory positions, but those situations generally are available only to individuals who also can perform the regular tasks of the ironworker. Hourly wages for an ironworker run as high as $16.65 per hour. Because of the loss of the strength in his grip, Lewis is capable of doing only ornamental ironwork, and the usual hourly rate for that work is $7.00 to $8.50 per hour. The evidence demonstrates that Lewis could have obtained another position as an ironworker at the regular higher scale if he had been able to do the work.

After hearing all the evidence, the trial court found that Lewis was 60% disabled and awarded him permanent partial disability benefits based upon that percentage of disability. This appeal is taken from that order awarding permanent partial disability benefits.

The extent and degree of disability are questions of fact for the trial court. *Loghry v. Capshaw Well Service and State ex rel. Wyoming Worker's Compensation Division*, Wyo., 739 P.2d 1227 (1987); *Arcoren v. Westburne Drilling*, Wyo., 730 P.2d 128 (1986). In reviewing the sufficiency of the evidence to support findings of fact by the trial court, this court will examine only the evidence favorable to the prevailing party and give to it every favorable inference. *Loghry v. Capshaw Well Service* and *State ex rel. Wyoming Worker's Compensation Division*, supra; *Arcoren v. Westburne Drilling*, supra; *Claim of Grindle*, Wyo., 722 P.2d 166 (1986). When examined under this standard, if there is substantial evidence to support the factual findings by the trial court, its order will not be disturbed. *Loghry v. Capshaw Well Service* and *State ex rel. Wyoming Worker's Compensation Division*, supra; *Worker's Compensation Claim of Cannon v. FMC Corporation*, Wyo., 718 P.2d 879 (1986).

■ We previously have ruled that a trial court, in determining the degree of permanent disability, may consider not only the medical disability rating but also evidence of a decrease in earnings if the decrease in earnings is independent of unavailability of jobs because of economic conditions. *McCarty v. Bear Creek Uranium Company*, Wyo., 694 P.2d 93 (1985); *Arcoren v. Westburne Drilling*, supra. Whether the reduction in earnings is attributable to economic factors or is instead a direct result of the industrial accident is a question of fact. That question of fact is subject to the foregoing rules controlling review of the sufficiency of the evidence.

■ Our examination of this record demonstrates that there is sufficient evidence to support the finding of the trial court that the decrease in earnings was caused by the industrial accident and not by economic factors. The district court correctly found that Lewis carried his burden of proof with respect to the degree of his permanent disability and that finding by

the trial court is not contrary to the great weight of the evidence as argued by the Worker's Compensation Division.

The order of the district court awarding 60% permanent partial disability is affirmed.