**Ronald NICKERSON, Appellant (Employee-Claimant),**

v.

**The STATE of Wyoming, ex rel. WYOMING WORKER'S COMPENSATION DIVISION, Appellee (Objector-Respondent),**

**Delgado Oil, Appellee (Employer-Respondent).**

**No. 87–94.**

Supreme Court of Wyoming.

Aug. 5, 1987.

---

Sharon M. Rose of Vehar, Beppler, Jacobson, Lavery & Rose, P.C., Kemmerer, for appellant.

Joseph B. Meyer, Atty. Gen., Josephine T. Porter, Sr. Asst. Atty. Gen., Susan Maher Overeem, Asst. Atty. Gen., Cheyenne, for appellee Wyoming Worker's Compensation Div.

R. Van Graham of Mason & Twichell, P.C., Pinedale, for appellee Delgado Oil.

Before BROWN, C.J., and THOMAS, CARDINE, URBIGKIT and MACY, JJ.

BROWN, Chief Justice.

The district court denied appellant Ronald Nickerson's claim for worker's compensation benefits, arising some ten years after the compensable injury, because it found that the current complaints of tremor and headache did not arise from the original injury.

We will affirm.

Neither the employer, Delgado Oil, nor the Worker's Compensation Division objected to benefits for Mr. Nickerson's work-related injuries resulting from a truck accident on January 27, 1976, until submission of bills relating to hospitalization for testing and treatment of headaches, tremor and lower back pain in June of 1986. Appellees then claimed that the 1986 problems were not connected to the 1976 injury. The district court found that the employee had shown that the back problems were related to the 1976 accident, but that the headaches and tremor were of unknown cause, and hence not proved to arise from the 1976 accident. Accordingly, it denied compensation for the headaches and tremor. Mr. Nickerson now appeals, arguing that the district court erred in finding that the headaches and tremor were not related to the 1976 injuries.

It is well established that the burden is on the worker's compensation claimant to establish his entitlement to compensation. *Matter of Jones*, Wyo., 702 P.2d 1299 (1985); and *Alco of Wyoming v. Baker*, Wyo., 651 P.2d 266 (1982). Nickerson did not introduce medical records of his treatment and diagnosis immediately following the 1976 injury, which might have indicated a connection between the accident and the 1986 headaches and tremor. Acknowledging the deficiency in his proof, he asked the court to rely on inferences arising from his own testimony and the scanty notations on bills and claims. The district court did not err in refusing to do so in light of the testimony of two physicians that they could not relate the current headaches and tremor to the 1976 trauma. Both physicians acknowledged that additional information concerning post-injury diagnoses and test results might enable them to conclude that the current symptoms were related to the injury. One of the physicians, Stephen Martin, M.D., doubted that the 1976 medical records would reveal the appropriate information.

Appellant ignores settled law in arguing that the trial court should be required to invoke inferences favorable to him in order to fill in the gaps in the proof designed to establish his entitlement to compensation. Our rule in assessing the sufficiency of the evidence is that favorable inferences are drawn only from the prevailing party's evidence. *State, ex rel. Worker's Compensa-*

*tion Division v. Lewis,* Wyo., 739 P.2d 1225 (1987); *Loghry v. State, ex rel. Wyoming Worker's Compensation Division,* Wyo., 739 P.2d 1227 (1987); *Arcoren v. Westburne Drilling,* Wyo., 730 P.2d 128 (1986); *Grindle v. State of Wyoming, ex rel. Wyoming Worker's Compensation Division,* Wyo., 722 P.2d 166 (1986); *Matter of Abas,* Wyo., 701 P.2d 1153 (1985). The contention of appellant that the trial court should be required to draw favorable inferences in order to sustain his claim is so antithetical to the established rule that it must be rejected.

Under these circumstances, the district court did not err in denying benefits.

Affirmed.