In the Matter of the INJURY TO Nancy C. KLEVGARD.

JOHNSON COUNTY MEMORIAL HOSPITAL, JOHNSON COUNTY, Wyoming, Appellant (Employer/Defendant),

v.

Nancy C. KLEVGARD, Appellee (Employee/Claimant).

No. 87-77.

Supreme Court of Wyoming.

Dec. 21, 1987.

Greg L. Goddard, Buffalo, for appellant.

Jeffrey J. Gonda of Lonabaugh & Riggs, Sheridan, for appellee.

Before THOMAS, CARDINE, URBIGKIT, and MACY, JJ, and KAIL, District Judge.

KAIL, District Judge.

Johnson County Memorial Hospital appeals the district court's order awarding Nancy Klevgard, appellee, temporary total disability benefits and medical expenses. Two issues are presented:

1. Did the employee give her employer timely notice of her injury in accordance with § 27-12-502(a), W.S.1977, and

2. Was there sufficient evidence to sustain the trial court's finding that Klevgard's injury arose out of and in the course of her employment?

We affirm.

Nancy Klevgard was employed as a registered nurse by Johnson County Memorial Hospital. She filled out an undated "incident report" sometime between the 1st and 11th of July, 1986. The report indicated that Klevgard, while lifting a patient from a wheelchair to a bed with the assistance of a co-employee, "could feel extreme pain running in the small of her back and into the right buttock area as though something had been strained." This "incident report" was reviewed and discussed with the employee on July 12, 1986, by Phyllis Hepp, the director of nursing at Johnson County Memorial Hospital. On July 30, 1986, Klevgard was given a routine physical examination at which time she reported no back problems other than congenital scoliosis.

From September 17 through September 21, 1986, Klevgard accompanied her husband on a wood-gathering expedition. When she reported to work on September 22, she was limping and complaining of back pain. On September 27, 1986, Klevgard was examined by Dr. Patrick McDonald, who diagnosed her condition as a herniated disk. Conservative treatment was prescribed, which called for a period of bed rest and the possibility of cortisone injections if the pain did not subside. The conservative treatment proved unsuccessful, and in October of 1986, Dr. McDonald first discussed with Klevgard the possibili-

ty of surgery. A myelogram was performed on December 1, 1986, followed by surgery on December 3, consisting of a laminectomy and a diskectomy. Klevgard filed her Workers' Compensation Claim form on October 27, 1986, and the hospital filed its objection on November 3, 1986. The trial court issued its order of award on January 30, 1987.

Section 27–12–502(a), W.S.1977, provided in relevant part as follows:

"If an employee is injured he shall make a report of the occurrence and general nature of the injury to the employer within twenty-four (24) hours after the injury became apparent and to the clerk of court within twenty (20) days thereafter, and file the report in the office of the clerk of court of the county in which the accident occurred.   * * * "[1]

Appellant argues that Klevgard failed to comply with both the twenty-four hour and twenty day notice provisions contained in the statute. The evidence is in conflict as to the exact date of the occurrence of the incident, since the incident report was undated at the time it was submitted to the director of nursing. The trial court found that the employee did comply with the statutory notice requirements.

Our well-established standard of review in worker's compensation cases is that

" * * * [o]n appeal we accept the evidence of the prevailing party as true, leaving out of consideration the evidence presented by the unsuccessful party in conflict therewith, giving every favorable inference which may fairly and reasonably be drawn from the prevailing party's evidence. *Matter of Arcoren*, Wyo., 730 P.2d 128 (1986); *Matter of Abas*, Wyo., 701 P.2d 1153 (1985); *Stockton v. Sowerwine*, Wyo., 690 P.2d 1202 (1984)." *Fischer v. State, ex rel. Wyoming Workers' Compensation Division*, Wyo., 734 P.2d 558, 559 (1987).

The purpose of statutory notice requirements is discussed in 3 Larson Workmen's Compensation Law § 78, p. 15–79 (1983), as follows:

" * * * Since the purpose of the notice requirement is to enable the employer to protect himself by prompt investigation and treatment of the injury, failure to give formal notice is usually no bar if the employer had actual knowledge or informal notice sufficient to indicate the possibility of a compensable injury, * · * * or in many jurisdictions, if the employer was not prejudiced by the lack of notice. * * * "

■ The trial court was entitled to rely upon the testimony of Klevgard in order to establish the time the injury occurred and Klevgard's testimony as to when she reported the injury. Additionally, the nursing supervisor, Phillis Hepp, testified the incident reports are reviewed each day as the reports come in and that she reviewed this incident report on July 12, 1986. The inference which may be drawn, from Hepp's testimony combined with Klevgard's testimony, is substantial evidence to support the facts found by the court, and its order will not be disturbed. *Fischer v. State ex rel. Wyoming Workers' Compensation Division*, supra.

This court has held that the term "injury" as it is used in this statute means "compensable injury." *In the Matter of Meredith*, Wyo., 734 P.2d 874 (1987); *Baldwin v. Scullion*, 50 Wyo. 508, 62 P.2d 531, 108 A.L.R. 304 (1936). In order for Klevgard to have complied with the twenty day notice provision she must have filed her notice with the clerk of court within twenty days from the time she realized she had a compensable injury. The question of when she first realized that she suffered a compensable injury is one for the trial court. *In the Matter of Meredith*, supra. We hold that there is substantial evidence to warrant the trial court's finding that Klevgard first realized she had a compensable injury when the final diagnosis, rendered on December 1, 1986, revealed the herniated disk.

---

**1.** Sections 27–12–101 through 27–12–805 were repealed by the 1986 Legislature, Sp.Sess., Ch. 3, § 3, S.L. of Wyoming.

The second issue presented is whether Klevgard proved by sufficient evidence that the injury she suffered arose in the course of her employment. The trial court found that direct causal connection existed between the injury and Klevgard's employment. " ' * * * A trial court's findings are presumed correct and such will not be disturbed unless they are inconsistent with the evidence, clearly erroneous or contrary to the great weight of the evidence. *Palmeno v. Cashen,* Wyo., 627 P.2d 163 (1981)' [Citation.]" *Fischer v. State, ex rel. Wyoming Workers' Compensation Division,* supra, at 560.

This court holds there is substantial evidence, including competent medical testimony of the orthopedic surgeon, Dr. McDonald, to support the trial court's determination. The district court's order awarding benefits is affirmed.