Donna ALLEN, Appellant (Petitioner),

v.

NATRONA COUNTY SCHOOL DISTRICT NO. ONE, Appellee (Respondent),

v.

STATE of Wyoming, ex rel., WYOMING WORKERS' COMPENSATION DIVISION, Appellee (Defendant).

No. 90–283.

Supreme Court of Wyoming.

May 8, 1991.

Eric A. Easton, Casper, for appellant.

Judith A. Studer of Schwartz, Bon, McCrary & Walker, Casper, for appellee Natrona County School Dist. No. One.

Joseph B. Meyer, Atty. Gen., John W. Renneisen, Deputy Atty. Gen., and J.C. DeMers, Sr. Asst. Atty. Gen., for appellee State of Wyo., ex rel. Wyoming Workers' Compensation Div.

Before URBIGKIT, C.J., THOMAS and GOLDEN, JJ., and ROONEY and BROWN, Retired JJ.

BROWN, Justice, Retired.

Appellant, Donna Allen, while employed by appellee Natrona County School District Number One, developed bilateral epicondylitis, commonly known as "tennis elbow." She received medical benefits and temporary total disability benefits but was denied a permanent partial impairment rating.

The issues stated by appellant on appeal are:

1. Is the Appellant entitled to a Permanent Partial Disability award under W.S. § 27–14–405(a), when her permanent physical impairment, as defined by W.S. § 27–14–102(a)(xvi), is not rateable under the mandated *American Medical Association Guide to the Evaluation of Permanent Physical Impairment?*

2. If the Appellant is precluded from receiving Permanent Partial Disability benefits, is equal protection guaranteed by the Wyoming Constitution, Article 1, Section 2 and Article 10, Section 4, or the 14th Amendment of the U.S. Constitution violated?

We affirm.

The facts in this case are not in dispute. Appellant Donna Allen was employed by the Natrona County School District Number One as a cafeteria worker on August 29, 1983. Appellant's injuries occurred over a period of time and arose out of the repetitive lifting and stirring motions and occasional heavy lifting required in her employment. As a result of the diagnosis of tennis elbow, appellant underwent three surgical procedures: February 1, 1988 for tennis elbow release on the right arm; July 12, 1988 for tennis elbow release on the left arm and November 15, 1988 for tennis elbow release on the left arm.

Appellant was examined by Thomas Landon, M.D., and was evaluated for a permanent partial disability. Dr. Landon gave appellant a twenty percent permanent partial impairment to both arms based upon the Manual for Orthopedic Surgeons Evaluating Permanent Physical Impairment.

At the request of the State of Wyoming, ex rel. Wyoming Workers' Compensation Division (appellee), appellant was re-evaluated for a permanent partial impairment by Gerald L. Baker, M.D. He gave her a zero percent permanent partial impairment rating pursuant to the American Medical Association Guide to the Evaluation of Permanent Impairment (3rd Ed.1990).

Appellant resigned her position effective January 31, 1989. At the time of her resignation she was earning $7.04 per hour. On April 17, 1989, appellant was reemployed by the Natrona County School District Number One as a teachers' aide. She held this position during the school year and through the summer of 1989, earning $5.25 per hour. Her job duties did not include heavy lifting or repetitive motions using her arms or elbows.

The dispute between the parties was tried by Gayla Daniels, an administrative hearing officer. The issue at hearing was whether or not appellant was permanently partially disabled and thus entitled to benefits and a vocational award pursuant to the Wyoming Workers' Compensation Act. Phil Nissan, a vocational rehabilitation counselor for the State of Wyoming Department of Vocational Rehabilitation, testified at the hearing regarding assistance provided by the Department to appellant due to her bilateral epicondylitis. Fred Pierce, Assistant Superintendent for Natrona County School District Number One, testified regarding appellant's prior position as a cafeteria assistant and the later rehiring of appellant as a teachers' aide. He stated that appellant was a superior teachers' aide.

At trial, the depositions of Dr. Landon and Dr. Baker were introduced into evidence in lieu of their direct testimony. Dr. Landon indicated that his physical impairment rating was based only upon the Manual for Orthopedic Surgeons. He testified that appellant's physical limitations were due entirely to subjective pain complaints and not to any loss of motion. Dr. Baker testified that, consistent with the A.M.A. Guide, there was no loss of motion and that the permanent impairment rating pursuant to the A.M.A. Guide would be zero percent.

The administration hearing officer ruled:

W.S. 27–14–405(a) (Supp.1986) provides that a physical impairment rating be based upon the most current edition of the A.M.A. Guide. The only A.M.A. Guide rating was provided by Dr. Baker. This rating was for a zero percent (0%) physical impairment. The physical impairment rating provided by Dr. Landon was not consistent with W.S. § 27–14–405, in that it was based upon the Manual for Orthopaedic Surgeons and not the A.M.A. Guide. Therefore, the opinion expressed by Dr. Langdon is not consistent with the statutory language and cannot be considered.

* * * Based upon the statutory language * * *, the Employee–Claimant has failed to prove that she has suffered a permanent partial disability.

* * * [T]he Employee–Claimant cannot receive an award for a loss of earnings capacity without first demonstrating that there was a physical impairment. Since a physical impairment was not demonstrated, there can be no loss of earnings capacity.

The District Court for the Seventh Judicial District affirmed the decision of the administrative hearing officer.

## I

■ In her first assignment of error, appellant contends that the hearing officer and the district court erred in applying the pertinent provisions of the workers' compensation statutes. She complains that, although her request for a permanent partial disability was denied, there was substantial evidence showing a permanent partial disability as defined by W.S. 27–14–102(a)(xv):

"Permanent partial disability" means the loss or loss of use of any body limb or sense or any other injury known to medicine or surgery causing permanent impairment of a bodily function[.]

W.S. 27–14–405(a) provides in pertinent part:

[U]pon receipt of a physical impairment rating * * * resulting in a permanent partial disability as defined under W.S. 27–14–102(a)(xv), an employee shall receive compensation * * * provided by this section. Impairment ratings provided in accordance with this section shall be based upon the most current edition of the American Medical Association's guide to the evaluation of permanent impairment.

In 1986, the Wyoming Legislature amended W.S. 27–14–405(a) and specified that "impairment ratings provided in accordance with this section shall be based upon the most current edition of the American Medical Association's guide to the evaluation of permanent impairment." It is appellant's contention that she has a permanent physical impairment not recognized by the A.M.A. Guide and that there is an inconsistency between W.S. 27–14–102(a)(xv) and W.S. 27–14–405(a) which prevents an injured employee from receiving permanent partial disability benefits. She adds that she has shown her suffering is from an impairment recognized by the medical community and supported by the testimony of both physicians in this matter, but is foreclosed from receiving the benefit because of the conflicting statutory provisions. Appellant states that this conflict creates an inequity among similarly situated injured employees, some of whom have impairments recognized under the A.M.A. Guide and those, like herself, whose impairments are not recognized by statute and are not eligible for additional benefits.

The statutes in question are not inconsistent. W.S. 27–14–405(a), as amended, limits the definition of the word "impairment" as used in W.S. 27–14–102(a)(xv) to mean those impairments specifically listed in the A.M.A. Guide.

The administrative hearing officer relied upon the case of *Fischer v. State ex rel. Wyoming Workers' Compensation Division*, 734 P.2d 558 (Wyo.1987), which denied recovery of permanent partial disability and a vocational evaluation in the absence of a physical impairment rating. *Fischer*, standing alone, however, is not dispositive of this case in that it was decided under W.S. 27–12–403 (June 1983 Repl.), which did not require that impairment ratings be based upon the A.M.A. Guide.

Under the A.M.A. Guide, appellant had a zero percent impairment rating. The administrative hearing officer, therefore, correctly applied the law as dictated by *Fischer* in denying a permanent partial disability or vocational award. The court found that "a showing of physical impairment is a prerequisite to an award for permanent partial disability." *Fischer*, 734 P.2d at 561. The court further found that, in the absence of a showing of an impairment, "any vocational evaluation to determine the proportions of such loss [is] fruitless and vacuous." *Id.* The fact that the legislature specified that an impairment must be determined by use of the A.M.A. Guide does not affect the law as stated in *Fischer*, and the administrative hearing officer correctly applied the *Fischer* decision to this case.

## II

In her second issue, appellant states that similarly situated employees, that is, those whose impairments are rated under the A.M.A. Guide, and those not rated under the A.M.A. Guide are treated differently. Appellant makes the naked statement that similarly situated employees are treated differently, but she does not elucidate with specifics. She complains that, because of this different treatment, the equal protection standards of the United States and Wyoming Constitutions are violated.

■ The Fourteenth Amendment of the United States Constitution permits classification of individuals who are similarly situated, if such classifications are reasonable and not arbitrary. Equal protection of the law means that the rights of all persons must rest upon the same rule under the same circumstances. 16A Am.Jur.2d, *Constitutional Law*, §§ 737, 738 (1979). Under the Wyoming Constitution, one who attacks the classification of a statute on the basis of equal protection has the burden of proving that the statute does not rest upon any reasonable or rational basis and is essentially arbitrary. *Bell v. Gray*, 377 P.2d 924, 925 (Wyo.1963); *United States Steel Corporation v. Wyoming Environmental Quality Council*, 575 P.2d 749, 754 (Wyo.1978). Appellant has not demonstrated that there has been any arbitrary classification in this case based upon the requirement of showing an impairment in accordance with the A.M.A. Guide in order to obtain an award for permanent partial disability or a vocational award.

The issue is whether or not it was reasonable and rational for the legislature to require that claimants present evidence of an impairment pursuant to the A.M.A. Guide in order to recover a permanent partial disability and vocational award, and whether or not this requirement, as applied by the administrative hearing officer, constituted a denial of equal protection.

■ Appellant in this case was not able to recover a permanent partial disability or vocational award because her injury, epicondylitis (tennis elbow), did not rise to the level of being an impairment according to the A.M.A. Guide. Appellant had no limitations in either elbow's range of motion, which were full, including flexion, extensions and proration/supination. Additionally, there was no evidence of any specific neurological or motor function deficit. Dr. Baker testified that there was no objective evidence that appellant experienced pain. Since appellant had no limitations on her elbows, despite some subjective complaints of pain, her impairment rating pursuant to the A.M.A. Guide was zero percent. These factors provide substantial evidence to support the administrative hearing officer's determination. It is reasonable for the Wyoming State Legislature to pass a statute that does not allow compensation for only subjective pain, when such pain does not rise to the level of an impairment.[1]

---

1. We note in passing that the A.M.A. Guide does allow for an impairment rating for pain, when the pain is great enough to cause an impairment. On page 41 of the A.M.A. Guide, 3rd edition, it is stated that pain which "persists despite appropriate treatment can result in a loss of *function* of the affected extremity and impairment that is as great as 100%." (Emphasis added.) The A.M.A. Guide provides for a rating for pain in certain instances, for example, when associated with peripheral spinal nerve impairment.

We find no error in the hearing officer's determination.

Affirmed.

ROONEY, Retired J., files a dissenting opinion.

ROONEY, Justice, Retired, dissenting.

I do not disagree with the result here reached. However, I do not believe that the hearing examiner has the authority to act as an independent judicial officer and, therefore, dissent for the reasons stated in *State ex rel. Wyoming Workers' Compensation Division v. Halstead,* 795 P.2d 760 (Wyo.1990).