PACIFIC POWER & LIGHT, Appellant
(Employer/Petitioner),

v.

Wendy K. HEERMANN, Appellee
(Employee/Respondent).

No. 93–207.

Supreme Court of Wyoming.

April 22, 1994.

Stephenson D. Emery of Williams, Porter, Day & Neville, Casper, for appellant.

Robert A. Nicholas of Hettinger & Leedy, Riverton, for appellee.

Before MACY, C.J., and THOMAS, CARDINE, GOLDEN and TAYLOR, JJ.

MACY, Chief Justice.

Appellant Pacific Power & Light (hereinafter PP&L) appeals from the district court's order which affirmed the hearing examiner's award of permanent partial disability benefits to Appellee Wendy K. Heermann.

We affirm.

PP&L presents five issues:

1. The Office of Administrative Hearings ... erred in ostensibly finding that Appellee ... proved a causal relationship between her current physical condition and a work place injury. No physician has ever diagnosed her current physical condition, therefore, the etiology of that condition cannot be deemed to be work-related.

2. The Office erred in considering Dr. Whipp's deposition testimony and reports

because Dr. Whipp was not qualified under Rule 702, Wyoming Rules of Evidence, based on his admission that he was not an expert in the use of the American Medical Association *Guides to the Evaluation of Permanent Impairment* . . ., and because he violated W.S. 27–14–405(a) by using an outdated edition of the AMA Guides in rating Claimant.

3. The Office erred by awarding Claimant a permanent partial disability because the AMA Guides provide for a 0% impairment rating when the claimant suffers no loss of range of motion.

4. The Office erred in concluding that the AMA Guides provide an impairment rating solely for subjective complaints of pain.

5. The Office denied Appellant . . . a full contested-case hearing by not allowing closing arguments.

Ms. Heermann worked for PP&L as a meter reader in Lander, Wyoming. According to her testimony, she struggled on Wednesday, October 17, 1990, to complete a hilly portion of her route after a heavy snowfall because her feet were slipping on the ice underneath the fresh snow. Her left hip and both of her knees began to hurt, so she had to leave work early that day.

The next day, Ms. Heermann returned to work, but she continued to feel pain in her hip and knees. She reported her pain to her employer after she had finished working. Ms. Heermann decided not to return to work on Friday and spent the next three days attempting to recuperate. She returned to work on Monday but was unable to complete her route because she was in pain.

Ms. Heermann and her supervisor both filed worker's compensation injury reports. In his report, the supervisor certified that Ms. Heermann's injuries were work-related.

Ms. Heermann's original physician concluded that she was suffering from tendinitis, and he referred her to an orthopaedic surgeon who became her treating physician. The treating physician was unable to render a definite diagnosis. The Workers' Compensation Division's independent medical examiner determined that Ms. Heermann was suffering from bursitis and chondromalacia.

When the Workers' Compensation Division requested a permanent partial disability rating from the treating physician, the treating physician rated Ms. Heermann's injuries at sixteen percent total physical impairment. On the basis of that rating, the Workers' Compensation Division found that Ms. Heermann was eligible to receive a permanent partial disability award. PP&L objected, and the Workers' Compensation Division sought a second rating from a rheumatologist. The rheumatologist found that Ms. Heermann did not suffer from any loss of range of motion and issued an impairment rating of zero percent.

A contested case hearing was held on December 15, 1992. The hearing examiner concluded that Ms. Heermann's injuries were work-related and awarded her a physical impairment rating of ten percent. PP&L petitioned for a review in the district court, and the district court affirmed the hearing examiner's decision.

The scope of our review of administrative decisions is defined in WYO.STAT. § 16–3–114(c) (1990).

■ PP&L argues that, because Ms. Heermann's injuries had never been definitely diagnosed, the hearing examiner erred when he concluded that those injuries were compensable. The term "injury" for worker's compensation purposes is defined in WYO.STAT. § 27–14–102(a)(xi) (Supp.1993):

(xi) "Injury" means any harmful change in the human organism other than normal aging and includes damage to or loss of any artificial replacement and death, arising out of and in the course of employment while at work in or about the premises occupied, used or controlled by the employer and incurred while at work in places where the employer's business requires an employee's presence and which subjects the employee to extrahazardous duties incident to the business.

Although the treating physician was unable to render a definite diagnosis, he testified that he believed that Ms. Heermann's pain was precipitated by "doing a lot of walking

during the snowstorm." Ms. Heermann testified that the pain in her legs and hip was caused from her slipping while she was walking her route. Her supervisor's injury report certified that her knee and hip injuries were caused by "reading meters in snow and ice."

The hearing examiner was in the best position to assess the credibility of the evidence before him. *Romero v. Davy McKee Corporation*, 854 P.2d 59, 63–64 (Wyo.1993). The record contained substantial evidence to support the hearing examiner's finding that Ms. Heermann's knee and hip pain was work-related.

■ PP&L contends that the hearing examiner violated W.R.E. 702 and 104(a) by failing to exclude the testimony and reports of the treating physician. At his deposition, the treating physician conceded that he was not an expert in the use of the American Medical Association's Guides to the Evaluation of Permanent Impairment (hereinafter AMA Guides) and that he had not received any formal training in their use. According to his testimony, he, nonetheless, applied the AMA Guides in rating Ms. Heermann's impairment.

Pursuant to WYO.STAT. § 27–14–405(a) (1991), a "physician licensed to practice medicine or surgery" is qualified to provide a physical impairment rating. Section 27–14–405(a) does not require that a physician possess any expertise beyond having a medical license. PP&L does not challenge the treating physician's credentials as an orthopaedic surgeon. The physician's testimony was relevant because it tended to prove the degree of Ms. Heermann's impairment, and the testimony was not so unreliable that it should have been excluded. WYO.STAT. § 16–3–108(a) (1990).

PP&L also claims that the evidence of the impairment rating given by the treating physician should have been excluded because the physician failed to use the most recent edition of the AMA Guides as required by § 27–14–405(a). The record does not support PP & L's claim. The treating physician admitted that he had used an outdated version of the AMA Guides. After a hearing on PP&L's motion to strike the testimony, the

hearing examiner ordered the treating physician to rate Ms. Heermann's impairment using the revised AMA Guides. The treating physician reevaluated Ms. Heermann's impairment and concluded that the rating under the revised AMA Guides was the same as the initial rating. The treating physician complied with § 27–14–405(a).

PP&L challenges the hearing examiner's application of the AMA Guides, claiming that the AMA Guides do not permit an impairment rating for subjective complaints of pain. PP&L also claims that, because Ms. Heermann experienced no loss of range of motion, her impairment rating under the AMA Guides should be zero percent. We address these two claims together because the treating physician based both his range of motion finding and his impairment rating on Ms. Heermann's pain.

The treating physician found that Ms. Heermann had a loss of range of motion in her legs and hip. The other experts who tested Ms. Heermann's range of motion found that she did not have any loss.

In *Allen v. Natrona County School District No. One*, 811 P.2d 1 (Wyo.1991), we held that a claimant was not entitled to receive a permanent partial disability award because her subjective pain did not reduce her range of motion and, thus, did not constitute an impairment under the AMA Guides. 811 P.2d at 2–4. We suggested that the AMA Guides "allow for an impairment rating for pain, when the pain is great enough to cause an impairment." 811 P.2d at 4 n. 1.

■ In *Allen*, both of the physicians who examined the claimant found that her pain did not cause a loss of range of motion. 811 P.2d at 2. Here, the treating physician found that Ms. Heermann's pain did cause a loss of range of motion. Consistent with our opinion in *Allen*, we hold that subjective pain may support an impairment rating under the AMA Guides when that pain reduces the claimant's range of motion. *Accord Sutton v. Quality Furniture Company*, 191 Ga.App. 279, 381 S.E.2d 389 (1989) (subjective pain may support an impairment rating under the AMA Guides); AMA Guides at 75 ("A grading scheme and procedure for determining

impairment of a body part that is affected by pain, discomfort, or loss of sensation are found in Tables 10a and 10b, respectively"). *See also* STEVEN BABITSKY & HARRY DEAN SEWALL, UNDERSTANDING THE AMA GUIDES IN WORKERS' COMPENSATION §§ 2.4 at 37 & 5.13 (1992) (describing procedures for rating pain under the AMA Guides).

■ The hearing examiner's award of permanent partial disability pursuant to the AMA Guides for Ms. Heermann's loss of range of motion in her legs and hip resulting from subjective pain was not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law. Section 16–3–114(c)(ii)(A).

■ PP&L contends that the hearing examiner denied it a full contested case hearing under WYO.STAT. § 16–3–107(j) (Supp.1993) when he failed to permit PP&L to present a closing argument at the end of the contested case hearing. The hearing examiner stated: "I don't think I need closings at this point." PP&L did not object. Although § 16–3–107(j) provides an opportunity for a party to present argument, PP&L's failure to assert its right to utilize that opportunity by objecting at the close of the hearing amounted to both a waiver and invited error. *See, e.g., Pearson v. State*, 866 P.2d 1297, 1300 (Wyo. 1994) (failure to argue error at trial constituted invited error); *Farbotnik v. State*, 850 P.2d 594, 600 (Wyo.1993) (waiver of reporting of trial proceedings presumed from failure to object); and *Mekss v. Wyoming Girls' School*, 813 P.2d 185, 193 n. 6 (Wyo.1991), *cert. denied,* — U.S. —, 112 S.Ct. 872, 116 L.Ed.2d 777 (1992) (waiver of opportunity to make closing arguments).

Affirmed.