**Linda J. MEYER, Personal Representative of the Estate of Joseph Wayne Lowder, Appellant (Plaintiff),**

v.

**Lois RODABAUGH, Appellee (Defendant).**

No. 98–173.

Supreme Court of Wyoming.

June 21, 1999.

Tammy A. Burt of Harris Law Firm, P.C., Evanston, Wyoming, Representing Appellant.

Dennis W. Lancaster of Phillips & Lancaster, P.C., Evanston, Wyoming, Representing Appellee.

Before LEHMAN, C.J., and THOMAS, MACY, GOLDEN, and TAYLOR,* JJ.

* Retired November 2, 1998.

THOMAS, Justice.

The only issue before this Court is whether the trial judge committed an abuse of discretion in admitting the testimony at trial of two witnesses over the objection of Linda J. Meyer (Meyer) that there had been late notification by Lois Rodabaugh (Rodabaugh) of the identity of the witnesses and the substance of their testimony. The case was tried by the judge without a jury, and Meyer was offered additional time to investigate the witnesses and prepare for cross-examination. Under these circumstances, it is so clear that there was no abuse of discretion that this Court must certify that there was no reasonable cause to pursue this appeal. The Judgment entered in the trial court is affirmed, and, upon proper motion and affidavit setting forth reasonable attorney fees and damages, this Court will award reasonable attorney fees and damages to Rodabaugh.

In the Brief of Appellant, filed by Meyer, the single issue that is raised is:

A. Did the District Court abuse its discretion in allowing the testimony of witnesses Joe Loftin and Jack Richardson?

This Statement of the Issue is found in Appellee Lois Rodabaugh's Brief:

A. Whether the district court's ruling allowing the testimony of witnesses Joe Loftin and Jack Richardson was an abuse of discretion by the district court.

Meyer's father lived with Rodabaugh for approximately seven years before he died at age seventy-one. After his death, Meyer brought this action against Rodabaugh seeking to recover $50,000.00 which Meyer alleged had belonged to her father; was part of his intestate estate; and was in the possession of Rodabaugh. At trial, Meyer presented evidence that during a visit to her father, he had informed her of his intentions to give her some money that he kept in Rodabaugh's safe. Meyer and her common-law husband both testified that they believed the money existed, and they told about Rodabaugh opening her safe to show Meyer an envelope which they believed contained the money. When Rodabaugh testified, she stat-

ed that she never did show Meyer an envelope containing $50,000.00 in cash and that she did not have such a sum in her possession.

After Meyer rested her case, Rodabaugh called two additional witnesses. Meyer objected to the testimony from these two witnesses because the cutoff for discovery had passed, and Meyer said she had not been notified about the testimony of these two witnesses until one week prior to trial. Meyer's position was that she did not have an adequate opportunity to exercise discovery and depose the witnesses. Rodabaugh's attorney explained that Rodabaugh, who then was seventy-nine years old, had been ill during trial preparation and that the attorney had discovered the information about these witnesses only five business days prior to the trial. Upon learning about the witnesses, Rodabaugh's attorney immediately notified Meyer's attorney of the names, addresses, and telephone numbers of the witnesses, and a summary of their testimony was provided.

There was no pretrial order requiring that witnesses be identified ten days prior to the first day of trial, which was the usual practice of the court. The trial judge ruled that the testimony of the witnesses would be received, but he explained to Meyer's attorney that she would be given ample opportunity to prepare for cross-examination. This colloquy between the trial court and counsel for Meyer appears in the record:

> THE COURT: * * *
>
> * * * If you feel that you need additional time to investigate the testimony of the witnesses and additional time to prepare cross-examination, then I'll adjourn the trial after we've finished with all of the witnesses who are available here today and we'll come back at a later time for you to present—for you to do your cross-examination as well as to present any kind of rebuttal testimony or evidence that you might be able to find in the interim time

> * * *. And I think that's the fairest and best way to proceed and that's my ruling.
>
> Any questions about it * * *?
>
> [COUNSEL FOR MEYER]: Acknowledging the Court's ruling, your Honor, and simply for the record, it's the Plaintiff's request that the Court prohibit these witnesses from testifying. We do not want a continuance at this time. Simply for the record, we can proceed.

Meyer's attorney did not ask for a continuance, but relied on the objection to the testimony of the witnesses.

The tenor of the testimony of one of the two witnesses was that Meyer's father had been living in a trailer house with another individual and that individual's wife and two children before he began living with Rodabaugh. The witness testified that Rodabaugh had bought Meyer's father an old dump truck with a personal check. The other witness testified that Meyer's father had tried to borrow $500.00 from him before he moved in with Rodabaugh.

After hearing all the evidence, including the testimony of the witnesses to whom Meyer objected, the trial judge ruled against Meyer's claim, awarding her judgment only for $995.00, as to which Rodabaugh had made an offer of judgment. Meyer appeals the judgment, contending that the trial court committed an abuse of discretion when it permitted testimony from the two witnesses who were not disclosed until approximately five business days before trial.[1]

Our rule is that "questions of admissibility of evidence generally are within the sound discretion of the trial court, and its decisions will not be overturned absent a clear abuse of discretion." *Buckles v. State*, 830 P.2d 702, 705 (Wyo.1992). When we are concerned with a question of abuse of discretion, we follow the standard recently articulated in *Vaughn v. State*, 962 P.2d 149, 151 (Wyo. 1998) (*quoting Martin v. State*, 720 P.2d 894, 897 (Wyo.1986)):

1. None of the pleadings were included in the designated record on appeal. The course of the proceedings is somewhat difficult to follow other than as it appears in the transcript of the testimony in the trial proceedings. The responsibility

for providing an adequate record for this Court to perform its function of review is assigned to an appellant. *Nicholls v. Nicholls*, 721 P.2d 1103, 1105 (Wyo.1986).

"Judicial discretion is a composite of many things, among which are conclusions drawn from objective criteria; it means a sound judgment exercised with regard to what is right under the circumstances and without doing so arbitrarily or capriciously. *Byerly v. Madsen,* 41 Wash.App. 495, 704 P.2d 1236 (1985)."

▌ Meyer rests her argument upon the proposition that the trial judge committed an abuse of discretion by allowing testimony of witnesses when she was not notified about them until only five business days prior to the start of the trial. She contends that her ability to properly prepare for cross-examination was inhibited by the late notification. The trial judge listened to arguments from both attorneys before making the decision as to whether to admit the testimony of the two witnesses. In addition, he provided to Meyer the opportunity to adjourn the trial and return to complete the trial after her attorney had been afforded adequate opportunity to prepare. It has long been the rule in Wyoming that the admissibility or exclusion of evidence is committed to the discretion of the trial court. *Rodriguez v. State,* 962 P.2d 141, 146 (Wyo.1998); *State v. Alexander,* 78 Wyo. 324, 324 P.2d 831, 838 (1958), *cert. denied,* 363 U.S. 850, 80 S.Ct. 1630, 4 L.Ed.2d 1733 (1960). We do not disturb those rulings in the absence of a clear abuse of discretion. *Clark v. Alexander,* 953 P.2d 145, 150 (Wyo.1998); *Hayes v. State,* 935 P.2d 700, 702 (Wyo.1997).

▌ On this record, we would not be able to conclude that the trial judge did not exercise sound judgment with regard to what is right under the circumstances and without doing so arbitrarily and capriciously. Of more import, however, is whether Meyer is in a position to attack the discretionary ruling. "[T]he appropriate response from a surprised party who wishes to counter testimony is a request for a continuance, and the failure to request one precludes a claim of prejudice." *Betts v. Crawford,* 965 P.2d 680, 685 (Wyo.1998); *see also White v. Board of Trustees of Western Wyoming Community College Dist.,* 648 P.2d 528, 537 (Wyo.1982), *cert. denied,* 459 U.S. 1107, 103 S.Ct. 732, 74 L.Ed.2d 956 (1983). The trial court, in this instance, clearly provided to Meyer the option of a continuance, but counsel refused to accept that opportunity. Consequently, Meyer must be deemed to have waived her right to appeal the ruling with respect to the admission of the testimony on the ground of unfair surprise. *See Matter of Estate of Obra,* 749 P.2d 272, 276 (Wyo.1988) (failure to request a continuance of a summary judgment hearing waived the claim of error based upon the consideration of late filed depositions); *see also Pacific Power & Light v. Heermann,* 872 P.2d 1171, 1174 (Wyo.1994) (failure to assert a right to make a closing argument in a contested case hearing constituted a waiver of that claim of error).

We hold that Meyer waived the claimed ground for appeal because she did not take advantage of an offer of a continuance when she complained about having only five days notice prior to trial of the testimony of two additional witnesses. Meyer concluded that the offer of the continuance should not be accepted, and it is clear that the trial court acted reasonably and fairly in proposing that remedy. Meyer stood on her claim that the witnesses should be prohibited from testifying, and went ahead with the trial despite her claim of lack of adequate preparation. That conduct foreclosed appeal of the discretionary ruling of the trial court on the admissibility of testimony.

▌ Normally, sanctions are not imposed when an appeal attacks a discretionary ruling of the trial court. *Russell v. Russell,* 948 P.2d 1351, 1356 (Wyo.1997); *James S. Jackson Co., Inc. v. Meyer,* 677 P.2d 835, 839 (Wyo.1984). This case is different, however, because Meyer is deemed to have waived her opportunity to remedy the lack of opportunity to prepare. Because of that waiver, we must conclude that she has needlessly expended the time of this Court in her effort to remedy that problem, and, under the circumstances, no reasonable cause exists for this appeal. W.R.A.P. 10.05 provides, in part:

> If the court certifies there was no reasonable cause for the appeal, a reasonable amount for attorneys' fees and damages to the appellee shall be fixed by the appellate court and taxed as part of the costs in the case.

We said in *Amen, Inc. v. Barnard,* 938 P.2d 855, 858 (Wyo.1997):

> Generally, we are reluctant to grant sanctions and will do so only in those rare circumstances where an appeal lacks cogent argument, where there is an absence of pertinent authority to support the claims of error, and/or when there is a failure to adequately cite to the record.

We conclude, however, that sanctions are appropriate in this case for two reasons. The first is that there is no reasonable cause for Meyer's appeal. Having rejected the continuance that the trial court offered, she cannot produce any pertinent authority to support her claim of prejudice. Second, no cogent argument has been mounted to support her claim. In the absence of cogent argument or pertinent authority, this Court appropriately imposes the sanctions provided in W.R.A.P. 10.05. We hold that Rodabaugh is entitled to recover costs and attorney fees in defending this appeal, and counsel shall submit a statement of costs and attorney fees to this Court. We then will be in a position to enter an order making an appropriate award to Rodabaugh.

The Judgment of the trial court is affirmed with the proviso for sanctions under the rule.